1813.

COMMON-
WEALTH
v.
COUNTY
COMMIS-
SIONERS.

---

## The Commonwealth *against* The County Commissioners.

*Philadelphia,*
*Monday,*
July 12.

An act of the legislature directing the county commissioners to draw an order for the amount of a schoolmaster's bill, for educating poor children, *if they approve thereof,* invests them with the power of approving or disapproving; and if they *disapprove,* though for bad reasons, this Court cannot compel them by *mandamus* to draw the order.

IN this case a rule was granted upon the commissioners of *Philadelphia* county, to shew cause why a *mandamus* should not issue, commanding them to draw an order on the county treasurer, for 66 dollars 17 cents, the amount of *John Poor's* bill for schooling poor children, according to the act of the 4th of *April* 1809.

The first section of that act, makes it the duty of the assessors to receive from parents, the names of all children between the ages of five and twelve, residing in their township, and whose parents are unable to pay for their schooling; a list of which, after adjustment by the commissioners, is to be transmitted to the assessor, requiring him to inform the parents of the children therein mentioned, that they are at liberty to send them to the most convenient school, free of expense.

The second section directs the assessor to send a list of the names to the teachers of schools within his township &c. "whose *duty* it shall be to teach all such children as may "come to their schools, in the same manner as other children

shall be taught." It requires the teachers to keep a day book, and to enter in it the number of days each child shall be taught, and the amount of stationary furnished for the use of the child, " from which book he shall make out his account against the " county, on oath or affirmation, agreeably to the usual rates " of charging for tuition in such school, subject to the exa- " mination and revision of the trustees of the school where " there are any; but when there are no trustees, to three " reputable subscribers to the school; which account, after " being so examined or revised, he shall present to the " county commissioners, who, *if they approve thereof*, shall " draw their order on the county treasurer for the amount, " which he is hereby authorised and directed to pay out of " any monies in the treasury." 5 *Smith's Laws* 73.

1813.

COMMON-
WEALTH
*v.*
COUNTY
COMMIS-
SIONERS.

The commissioners shewed for cause, among other things, that the act of assembly did not require them to draw an order, unless they approved of the account, but in this instance, they disapproved of it.

*Sergeant* and *Condy* for *John Poor*, urged the impropriety of such a construction, since it was the *duty* of the teacher to receive and educate the children. The approving ought to be considered as a ministerial act, as much so as passing any account, or drawing the order; otherwise, though the master was bound to teach, the commissioners might, for any or no reason, refuse to pay.

*Ingersoll contra*, said the commissioners had a delibe-rative power; and however inconvenient, the Court could not compel them to exercise their judgment in a particular way.

TILGHMAN C. J. The law has vested the commissioners with the power of approving or disapproving of the account, and we cannot take it away from them. The act is defective in not pointing out some mode of decision, in case of a differ-ence of opinion between the master and the commissioners. I take it for granted, that upon this defect being made known, the legislature will remedy it by a new act. But as in this instance the commissioners have *disapproved* of the account, we cannot order a *mandamus*.

PER CURIAM.                    Rule discharged.