## Parker *against* Lancaster County.

County commissioners have an unqualified power to approve or disapprove the accounts of a teacher of poor children, under the Act of the 4th of April 1794, in a township which refuses to accept the provisions of the general school law.

ERROR to the Common Pleas of *Lancaster* county.

James Parker against Lancaster county. Special verdict.

" Ephrata township has not accepted the school law passed on the 13th of June 1836.

James Parker is the teacher of a school, and as such, taught Henry Fritz a poor child, returned as such in that township, for the term of ninety-four days, for which he charges $2.82.

The trustees of the school of James Parker, certify under their hand, that they have examined the day-book, the account and its different items, of the said James Parker, and find the same just and correct; and they also certify, that the three cents per day charged, is agreeably to the usual rate of charging for tuition in the said school.

The account and certificate above referred to, are hereto annexed and made part of the case.

The commissioners of Lancaster county refuse to approve of the above bill, on account of the amount thereof, and draw their order on the county treasurer for the amount of said bill.

If the court should be of opinion, upon the above statement of facts, that the commissioners of Lancaster county are bound by law to draw their warrant upon the county treasurer for the amount of the above bill, then judgment to be rendered for the plaintiff.

If the court be of opinion that the commissioners have a discretionary power to approve or disapprove of the said bill, on account of the amount thereof, then judgment to be rendered for the defendant."

CHAMPNEYS, President, expressed the regret of the court, that in a case presenting so just and reasonable a claim on the part of the plaintiff, the law was against him. The Act of Assembly vested the power in the commissioners, and the legal construction given to it in the case of *The Commonwealth* v. *County Commissioners*, (5 *Binn.* 536) seemed to be conclusive that the power was uncontrollable.

*N. Ellmaker*, for plaintiff in error, argued that it could not have been the intention of the legislature, to give power to the

[Parker v. Lancaster County.]

commissioners to defeat the whole object of the law, by withholding their approval of a bill however reasonable. They may refuse to approve any bill, and thereby say the poor shall not be taught at the county expense.

*Long*, for defendant in error, referred to the cases in 5 *Binn.* 536, and 1 *Serg. & Rawle* 195, as conclusively fixing the construction of the Act of Assembly in question.

The opinion of the Court was delivered by

ROGERS, J.—A construction is given to the Act of the 4th of April 1794, in *The Commonwealth v. County Commissioners,* (5 *Binn.* 536.) That case is in point, for there is nothing in the special circumstances here, to take it out of the principle there ruled. The legislature have vested the county commissioners with an unqualified power to approve or disapprove the account of the teacher of poor children, and as this power cannot be brought within the class of ministerial duties, but is an act which requires deliberation and judgment, we cannot examine the validity of the reasons given in support of their decision. Although the commissioners, who are inferior officers, may be compelled by mandamus, to perform the duty which the law assigns them, yet they cannot be directed as to the manner in which it shall be performed. Of this they are the exclusive judges, as is clearly intimated in 5 *Binn.;* and if any inconvenience, as is apprehended, should arise from this construction, the legislature alone can apply the remedy. As yet they have not thought proper to remedy the evil, if it be one, although many years have elapsed since the case was ruled, to which reference has been made. The case in *Binney* does not depend on the nature of the remedy, for that cannot alter the principle; but it is ruled on the supposition, that it was the intention of the legislature to vest the commissioners with an unlimited and uncontrolled power of approval. The return to the mandamus was a general return of disapproval, without assigning any reasons, and this would have been clearly insufficient, if the construction of the Act had been as the defendant contends.

Judgment affirmed.