Edward J. Hodgson and others *vs.* Duluth, Huron & Denver Railroad Company and others.

July 1, 1891.

**Corporation—Suit by Stockholders for Wrongs Affecting Corporate Property—Requisites of Complaint.**—For any fraudulent and wrongful dealing with corporate property prejudicially affecting the interests of the corporation, and hence of its stockholders, the right of action is primarily in the corporation, and is to be asserted by it rather than by individual stockholders, unless it be shown to be impracticable for the complaining stockholders to move the corporation to sue.

**Same—Complaint held Insufficient.**—Complaint in an action by three stockholders *held* defective in this particular; it appearing that they were directors *de jure,* and may have constituted a majority of the board.

Same—Stockholders' Meeting held out of State.—A general stockhold-
ers' meeting for the election of officers held out of the state, all of the
stockholders not consenting, and the by-laws providing that it shall be
held at a specified place in the state, is illegal, and, as against the officers
thus elected, those previously in office have the right to retain control of
the affairs of the corporation.

This action was brought in Pope county. The defendants having
demurred to the complaint, the demurrer was, by stipulation, argued
before *Hooker*, J., in Hennepin county. The demurrer was sustained
and the plaintiffs appealed.

*W. Almont Gates*, for appellants.

*Davenport & Thian*, for respondents.

DICKINSON, J. The plaintiffs have appealed from an order sus-
taining a demurrer by the two defendant railroad corporations to the
complaint. The three plaintiffs are stockholders of the defendant
the Duluth, Huron & Denver Railroad Company, which is a Minne-
sota corporation. They own one-third of its paid capital stock; the
other two-thirds being owned by and under the control of the defend-
ants Conkey and Evans. The plaintiffs have been members of the
board of directors since the organization of the company, unless they
were superseded by an election of others at the stockholders' meeting
hereafter referred to. The defendant Conkey is the acting president
of the company. In 1886 that company entered into a contract with
the defendant Evans for the construction and equipment of its road.
The contract provided for the payment for construction and equip-
ment by the bonds of the company, secured by a trust-deed, which
were to be executed to the trust company defendant for that purpose.
Such bonds, secured by a trust-deed of all the property and rights of
the corporation, were executed and delivered to the trustee. Evans
did not perform his contract, and did not acquire a right to receive
any payment in such bonds. Under subcontracts made with Evans,
a large amount of work was done in grading and building, which
Evans did not pay for, and on account of which liens on the road
were filed, and actions for the enforcement of the same are now pend-
ing. In 1887, Evans surrendered his contract to the board of direct-
ors, together with all the bonds, which had in fact been delivered to

him; but, in 1888, Evans and Conkey, by falsely representing to the trustee that the contract had been extended, and that a large portion of the bonds had been earned, fraudulently and without any consideration procured the delivery to Evans of a large amount of such bonds. No other bonds of the company are outstanding. The complaint further shows that Conkey, as president and director, called an annual meeting of the stockholders to be held at Chicago, in the state of Illinois, in January, 1890, although the by-laws provided that such meetings should be held at Sauk Centre, in this state. At such meeting, these plaintiffs not being present, other persons, to the plaintiffs unknown, were in form elected as directors in their stead. In the following month a deed was executed (which was also recorded) by Conkey, as president, and Evans, as secretary, as the deed of the corporation, conveying the railroad and all the property and franchises of the company to the defendant the Duluth & Southwestern Railway Company, in consideration, nominally, of the payment by the latter of the outstanding bonds of the former, but in fact without consideration, and without any authority from the company whose deed it purports to be, or from its board of directors. Conkey and Evans, as is alleged, own and control the stock of the corporation to which such deed was executed. Besides the liens of subcontractors and laborers above referred to, there are other debts of the corporation unpaid to a large amount.

The facts stated show wrongful conduct, prejudicial to the rights and interests of the Duluth, Huron & Denver Company, as a corporation, as well as to those of the plaintiffs, as its stockholders; and it is perfectly apparent that they are entitled to relief, unless the complaint is defective in not showing that it was impracticable for the plaintiffs to procure the prosecution of an action by the corporation. For such fraudulent and wrongful dealing with corporate property, prejudicially affecting the interests of the corporation, and hence the interests of stockholders, the right of action is primarily in the corporation, and is to be asserted by it, rather than by individual stockholders, unless it be shown to be impracticable for the complaining stockholder to move the corporation to sue. *Rothwell* v. *Robinson*, 39 Minn. 1, (38 N. W. Rep. 772;) *Doud* v. *Wisconsin, etc., Ry.*

*Co.*, 65 Wis. 108, (25 N. W. Rep. 533.)   In 3 Pom. Eq. Jur. §§ 1094, 1095, the doctrine is well stated, and numerous authorities cited. The existence of this rule does not seem to have been in the mind of the pleader when drawing the complaint.   It is not apparent that the plaintiffs could not have caused an action to be prosecuted by the corporation.   The stockholders' meeting, held out of the state, and at a place other than that specified in the by-laws, was illegal.   Gen. St. 1878, c. 34, § 86.   The persons there chosen as directors were not such *de jure;* nor were they by virtue of such election entitled, as against those previously constituting the directory, to control the affairs of the corporation.   The plaintiffs appear from the complaint to be still directors of the corporation, and, for aught that appears, they constitute a majority of the board of directors, and capable of controlling its action.   If, by any means, the control and management of corporate affairs has passed out of their hands, it is not stated in the complaint.   But, even if it be true that the corporation is controlled by the directors chosen at Chicago, it does not appear that the attitude of such persons, other than Conkey and Evans, is so hostile to the interests of the corporation and of its stockholders, or that their conduct has been such, that it would presumably be useless to appeal to them to cause an action to be brought by the corporation.   No wrongful conduct is attributed to them by any averment in the complaint, although the term "conspirators" with the other defendants is applied to them.   It is not enough that they were elected by the votes or influence of Conkey and Evans.   *Dunphy* v. *Traveller Newspaper Assn.*, 146 Mass. 495, 498, (16 N. E. Rep. 426.)   Since it does not appear that any effort has been made to induce the instituting of an action by the corporation, or that the majority of the directors controlling the affairs of the corporation, and having authority to direct litigation in its name, are charged with complicity in the wrongful acts complained of, the demurrer was well taken.

Order affirmed.

NOTE.   A motion for a reargument of this case was denied July 16, 1891.