# SOUTH-W. N. GAS CO. v. FAYETTE FUEL-GAS CO.

## N. McCORMICK ET AL. v. FAYETTE F.-GAS CO.

### APPEALS BY J. D. CARR ET AL. FROM THE COURT OF COMMON PLEAS OF FAYETTE COUNTY.

Argued May 13, 1891—Decided January 4, 1892.

A stockholder's petition to have a sheriff's sale of the corporate franchises and property set aside, failing to aver when the petitioner became a stockholder and his holding, and to charge collusion, misconduct, or

Statement of Facts.

inability to act, on the part of the directors, is fatally defective and gives no standing. Moreover, the refusal to set aside such a sale is not reviewable.

Before PAXSON, C. J., STERRETT, WILLIAMS, MꞨCOLLUM and MITCHELL, JJ.

Nos. 42, 43 July Term 1891, Sup. Ct.; court below, Nos. 60, 64 March Term 1891, E. D., C. P.

On February 28, 1891, at a sheriff's sale adjourned from February 18, and February 25, 1891, upon two alias writs of fieri facias, No. 61 March Term 1891, sur judgment in favor of the South-West Natural Gas Company against the Fayette Fuel-Gas Company, and No. 64 March Term 1891, sur judgment in favor of Noble McCormick et al. against the Fayette Fuel-Gas Company, all the right, title, and interest of the defendant company in and to certain leaseholds, and in and to a certain lot of ground in South Union township, and all the rights, franchises, pipe-lines, rights of way, connections, derricks, engine-houses, engines, boilers and fixtures, ropes, tools, office furniture, etc., were sold to A. W. Mellon for the sum of $6,000. For other facts, see Whiteman's Pet., 141 Pa. 597.

On March 3, 1891, the attorney " for J. D. Carr and other stockholders " filed exceptions to the sheriff's sale, and on the same day presented the following petition :

" The petition of John D. Carr, for himself and other numerous stockholders of the Fayette Fuel-Gas Co. respectfully shows to your Honors that the said stock of your petitioners is in danger of being lost by means of the said executions issued on the said judgments by the said plaintiffs ; that the entire real estate, franchises and property of the said Fayette Fuel-Gas Co. was sold in a lump by the sheriff of the said county, under the said executions, on the twenty-eighth day of February last, to A. W. Mellon for the sum of $6,000, subject to a mortgage liability of about $20,000 ; that there was no inquisition held upon any of the said real or personal property of the said Fayette Fuel-Gas Co. prior to the said sale, nor was there any valid waiver thereof; that the said judgment of the South-West Natural Gas Co. is founded upon a mortgage which is a lien upon no other property of the said Fayette Fuel-Gas Co. than a portion of the pipes and appurtenances purchased from

the said Fayette Fuel-Gas Co., which do not constitute the larger or more valuable portion of the said property of the said Fayette Fuel-Gas Co. so sold as aforesaid by the said sheriff. This affiant, therefore, prays your Honors for a rule on the said plaintiffs and A. W. Mellon, to show cause why the said sale should not be set aside. And he will ever pray.

[Verified by affidavit.]                    JOHN D. CARR."

On March 2, 1891, additional exceptions were filed. These, and the exceptions already on file, alleged that the sale was irregular for the reasons : 1. The entire property of the defendant, real, personal and mixed, was sold for less than its value and in a lump, while the mortgage on which the judgment was founded was a lien only on a part of the property sold. 2. There was no inquisition held on the real estate, nor was there a valid waiver thereof. 3. The writs of fieri facias were not returned as provided by § 72, act of June 16, 1836, P. L. 774. 4. The levies were prematurely and illegally made.

Testimony having been taken and argument had, the court, INGHRAM, J., on April 25, 1891, entered an order dismissing the exceptions and confirming the sheriff's sale; exception. Thereupon the petitioners took this appeal, specifying the dismissal of the exceptions and the confirmation of the sale, for error.

*Mr. Edward Campbell*, for the appellants.

*Mr. F. Iiams* (with him *Mr. Brock*), for the appellees.

### NO. 42.

OPINION, MR. JUSTICE McCOLLUM:

This is an appeal from an order of the Court of Common Pleas dismissing exceptions to a sheriff's sale of the property of the Fayette Fuel-Gas Company. The appellant avers that he is a stockholder in said company ; that its property was sold in a lump, and for less than its value, on an alias fieri facias in favor of the South-West Natural Gas Company, and a like writ in favor of Noble McCormick and others ; that there was no inquisition held nor valid waiver thereof ; and that the sale was irregular, because the preceding writs of fieri facias were not returned as provided by the seventy-second section of the act of June 16, 1836, P. L. 774.

It was the duty of the appellant to set forth in his petition the necessary facts to give him standing in the court below to contest the sale. It was not enough for him to allege that he was a stockholder. The wrong done was against the corporation, and the redress for it should be sought and obtained through its duly appointed agents. Its directors were clothed with the power to control its action, and to decide whether it should engage in litigation. If the corporation was unable to act by reason of the misconduct or disability of its agents, and there was not suf ient time to remove them and appoint others in their stead, the stockholders might invoke the aid of a court of equity to protect the corporate property and their own equitable right in it. But a mere refusal of the directors of a corporation, acting in good faith, to institute legal proceedings in its name to redress an alleged wrong against it, is not a sufficient ground for the interference of a court of equity at the instance of a stockholder, as it often involves the exercise of a sound discretion to determine whether it is expedient to begin litigation for an actionable injury. If, however, the directors were the authors of the wrong, or their refusal to bring suit was in excess of their discretionary powers, such interference would be justified: Morawetz on Corp., §§ 239–245, inclusive, and cases cited.

In the light of these well-settled and familiar principles, we examine the petition of the appellant. It alleges that he is a stockholder, but it does not state when he became such, or what the amount of his holding is. It avers that he appears "for himself and other numerous stockholders of the Fayette Fuel-Gas Co.," but it does not contain the names of the "other stockholders," nor inform us when they purchased their stock, or how many shares they own. It fails to charge any collusion between the corporation and the execution creditors, or that it is unable to act in the premises by reason of any misconduct or disability of its authorized agents. In short, the petition is fatally defective, in that it omits the averments necessary to enable a stockholder to contest the sale. We have not considered the other questions discussed in the appellant's paper-book, because, as we have seen, he has not placed himself in a position to raise them, and for the further reason that a refusal to set aside a sheriff's sale is not reviewable here: Rees v.

Berryhill, 1 W. 263; Sloan's Case, 8 W. 194; Hoffa's App., 82 Pa. 297; Jackson v. Morter, 82 Pa. 291.

Appeal quashed.

## NO. 43.

OPINION, Mr. JUSTICE McCOLLUM:

·This appeal is quashed for the reasons given in the opinion filed in No. 42 July Term 1891, decided at this term.

Appeal quashed.