Ruexcbt, J.
It will be noticed by reading this petition that the bank in question was and is organized under the national banking act, that the plaintiff was a stockholder when the wrongs of which he complains took place, that the defendant directors were at that time directors of said bank, and that all were *362 controlled and governed by that. act. The rights of the bank and of its stockholders, as well as the liabilities of its officers and directors, were fixed and imposed by that act alone, and therefore the statutes of Ohio, the common law, and rules of equity, as to such rights and liabilities, have no application; but the rights and liabilities being ascertained under the provisions of said act, the same may be enforced in the state courts unless otherwise provided by act of congress. It is not otherwise provided by act of congress as to the grievances of which complaint is made in the petition, and therefore the action was properly brought in the courts of this state.
The section of the national banking act which gives the right, and imposes the liability, is No. 5289, which reads as follows:
“If the directors of any national banking association shall knowingly violate or knowingly permit any of the officers, agents or servants of the association to violate any of the provisions of this title, all the rights, privileges and franchises of the association shall be thereby forfeited. Such violation shall, however, be determined and adjudged by a proper circuit, district or territorial court of the United States in a suit brought for that purpose by the comptroller of the currency, in his own name, before the association shall be declared dissolved. And in cases of such violation, every director who participated in or assented to the same shall be held liable in his personal and individual capacity for all damages which the association, its shareholders or any other person shall have sustained in consequence of such violation.”
There is no averment in the petition to the effect that the association has been adjudged dissolved by *363 a federal court as provided in that section, and therefore it must be regarded for the purposes of this case, that the assessment made by the comptroller of the currency in October, 1894, was paid, and that the bank is and ever has been since its organization a going concern. What would be the rights of stockholders, or the liabilities of directors, after such dissolution, is therefore not involved in this case, and is not here decided. The question here' is as to the rights of stockholders, and the liabilities of directors, in cases where the bank, has not been dissolved.
It seems clear that the acts of omission and commission charged in the petition-were in violation of the provisions of the national banking act, and sufficient to impose a liability upon such directors as participated therein, or assented thereto, and that the plaintiff suffered loss by reason of such acts.
Whatever may be the case after a national bank has been adjudged dissolved by a federal court, and gone into the hands of a receiver, or after such receiver has been discharged, it seems too clear for controversy, that before such dissolution, and while the bank is open and carrying on its usual business, the loss caused by the wrongful acts of its directors, is an asset of the bank, and that the bank may recover from such directors all damages which it may have sustained in consequence of such wrongful acts.
Said section 5239 provides that where the provisions of the act are knowingly violated by the directors, every director who participated in, or assented to the same, shall be held liable in his personal and individual capacity for all damages which the association, its shareholders, or any other person shall have sustained in consequence of such viola *364 tion. As the directors are to be held liable for the damages which the association, the bank, has sustained, it follows that they are liable to the bank for such damages, .and that the damages are therefore an asset of the bank, and may be recovered by it in an action for that purpose. And if the bank brings its action and recovers the damages, such damages inure to the benefit of all the stockholders, by an increase in the value of their respective shares, or the payment of increased dividends; and in such case the shareholders would have no right of action against the directors, for the reason that while they may have been damnified in the first instance, such damages have been paid to their benefit, and they have no right to be compensated twice for the same injury; and the directors can not be compelled to pay twice for the same wrong.
In case the bank fails to bring an action against the directors for the damages by it sustained, then by the law of civil procedure, one or more of the shareholders may bring an action against the delinquent directors in behalf of himself and all the other shareholders, making the bank a party defendant. The action must be in behalf of all the shareholders, and not as in this petition, in behalf of such shareholders as wish to become parties to the action. In such action the shareholder who sues can not recover a separate judgment for himself for the damages he has individually sustained, but the judgment must be in favor of the bank for the full amount of damages sustained by all the shareholders combined, and the judgment when collected must go to the bank, and inure to the equal benefit of all the shareholders, the same as if the action had been brought by the bank. Smith v. Hurd, 53 Mass., 371; Allen v. Cur *365 tis, 26 Conn., 456; Wallace v. Lincoln Savings Bank, 89 Tenn., 630, 24 Am. St. Rep., 658; Thompson ou Corporations, section 7441, et seq.; Beach on Corporations, section 878, et seq.; Morawetz on Corporations, section 227, et seq.; Angell & Ames on Corporations, section 312; Smith v. Poor, 40 Maine, 415 (63 Am. Dec., 627); Craig v. Gregg, 83 Pa. St., 19; Hodgson v. Railroad Co., 46 Minn., 454 (49 N. W. Rep., 197); Gas Co. v. Fuel Co., 145 Pa. St., 13 (23 Atl. Rep., 224) ; Pomeroy’s Equity Jurisprudence, section 1095; Thompson on Corporations, section 4479; Brewer v. Boston Theatre, 104 Mass., 378; Hursey v. Veazie, 24 Maine, 9; 41 Am. Dec., 364; Robinson v. Smith, 3 Paige N. Y., 222 (24 Am. Dec., 212); Peabody v. Flint, 6 Allen (Mass.), 52; Greaves v. Gouge, 69 N. Y., 154; Hawes v. Oakland, 104 U. S., 450; Smith v. Poor, 40 Me., 415, 63 Am. Dec., 672; Miller v. Murray, 17 Col., 408; 30 Pac. Rep., 46; Byers v. Rollins, 13 Col., 22; 21 Pac. Rep., 894.
The above authorities are clearly to the effect, that- while the bank is a going concern, and has not been dissolved, the action of a shareholder against the directors for damages for wrongful acts can be maintained only for the common benefit of himself and all the other shareholders, and that a single shareholder can not maintain an action against such directors for his individual share of the common damages suffered by all the shareholders in consequence of the wrongful acts of the directors. And on principle the same rule must prevail when the action is brought as this one was under said section 5239. Whether a shareholder can maintain such action for his individual benefit after the dissolution *366 of the association, need not now be decided as the question is not involved in this case.
As the action by a shareholder against the directors for damages, before dissolution of the bank, must be for the common benefit of all the shareholders, and as the judgment must be in favor of the bank for their common benefit, it follows that such action can be maintained only by a shareholder while he still owns his shares, because after he has parted with his shares he has no longer any interest in the proceeds to be derived from the litigation, as such proceeds must go to the bank for the common benefit of the then shareholders.
Counsel for plaintiff concede that if the wrongful acts of the directors occurred before a particular shareholder obtained his shares, that such shareholder can not maintain an action against the directors for damages resulting from such acts, but they claim that a shareholder who has parted with his stock may maintain an action against the directors for damages arising from their wrongful acts while he was the owner and holder of his stock, and they cite a New York case to sustain their contention. The statute of New York under consideration in that case is different from said section 5239 in this, that it gives no right of action to the bank, but only “to the creditors and stockholders, respectively, of the corporation of which he shall be a director to the full extent of any loss they may respectively sustain from such violation.” This New York statute clearly gives a right of action against such directors, to each creditor, and to each stockholder for any loss that each one may sustain individually, and the judgment under that statute would not be in favor of the corporation, but in favor of the individual *367 stockholder, and the proceeds would go, not to the bank for the benefit of all the stockholders, but to the individual stockholder bringing the action for his own benefit. The New York case, Mabey v. Adams, 3 Bosworth, New York Superior Court, 346, is therefore not in point. The same is true, and for the same reason, of Buell v. Warner, 33 Vt., 570.
But is is urged that at common law, and under the rules of equity, a shareholder may maintain an action against the directors for such damages as he has individually sustained by reason of the wrongful acts of the directors, even though the same acts damnified all the sockholders in the same degree as they did him, and even though the corporation is a going concern, and has not been dissolved. The error of this contention lies in supposing that the statute, the common law, and rules of equity, may all be invoked in the same case, and that where one may be found too narrow, the other may be called in to help out, and that the right of action is given partly by statute, partly by the common law, and partly by the rules of equity. The correct rule is, that as congress has legislated upon the subject, and given and defined the right of action, the right thus given by congress is the only right, and that the action must be maintained under the act of congress or fail; and that the liability of the directors of a national bank is measured by that act alone, and can not be enlarged or changed by the common law or rules of equity. In the case of Briggs v. Spaulding, 141 U. S., 132, which was a bill by a receiver of a national bank against the directors for damages as in the present case, the bill charged that independently of the acts of congress the directors were liable as trustees for the *368 bank, its stockholders and creditors; and upon the hearing this view was ably urged by counsel; but the Supreme Court of the United States ignored the claim and disposed of the case in favor of the directors upon the provisions of the national banking ad alone. The duty of directors being declared by that act, as well as their liability for the violation of that duty, it is competent to resort to the common law and rules of equity to ascertain whether such duty has been properly performed, and that was done in the above cited case, but the court went no further. It is therefore clear that the common law and rules of equity can not be invoked in opposition to the acts of congress to enable a shareholder in an action like the one at bar to maintain such action against the directors after he has parted with his stock, and before a dissolution of the bank.
But it is further urged by counsel for plaintiff, that under the national banking act, the plaintiff having parted with his stock, is no longer a shareholder, and that he may now maintain his action against- the directors in his capacity of “any other person,” because the act provides that the directors shall be liable “for all damages which the association, its shareholders or' any other person shall have sustained,” and that in an action by a person other than a shareholder, the judgment must be in favor of such person, and not in favor of the bank, and the money when collected must be awarded to such person, and not to the bank. It is true that in an action by such person the judgment would be in his favor, and the money when collected would be awarded to him, and if that wrere all, he might maintain the action. But the words “any other person” in that *369 section, do not reach back and include shareholders, nor causes of action which have accrued to shareholders, but has reference to creditors and persons other than shareholders. And where a cause of action under that section has accrued to a shareholder in his capacity as such, and he has not availed himself of beginning an action against the directors before parting with his stock, he can not thereafter change his cause of action from what it was when it accrued — a cause in favor of a shareholder — to a cause of action in favor of a creditor, or person other than a shareholder. The only cause of action against the directors which ever accrued to the plaintiff was a cause as shareholder, and having allowed that to go by without bringing his action, he now shows no cause of action in his favor in the capacity of “any other person ” He slept on his rights until they were gone, by reason of parting with his stock, and now his petition shows no cause of action in his favor.
It may well be doubted whether the demurrer as to the first ground thereof should have been sustained, because it is not a want of capacity in the plaintiff to sue, but the lack of a cause of action in him. We regard the principle stated in Buckingham v. Buckingham, 36 Ohio St., 68, as applicable. The principle is there stated as follows:
“The objection, that a cause of action for which the plaintiff sues was assigned before the commencement of the action, does not relate to the capacity of the plaintiff to sue, but to the fact that the right of action sought to be enforced is not in the plaintiff. To warrant a recovery the petition must show a cause of action in the plaintiff.”
*370 It is clear, however, that the common pleas was right in sustaining the third ground of demurrer, as was also the circuit court in affirming the> judgment.

Judgment affirmed.

Minshall, O. J., Williams, Spear and Davis, JJ., concur.
Shauck, J., not particpating.