In re HOWELL.

(District Court, M. D. Pennsylvania. July 16, 1925.)

No. 4949.

1. Corporations ⊕=566(5)—As between creditors and stockholders, property of insolvent corporation is first appropriated to payment of its creditors.

As between creditors and stockholders, property of insolvent corporation is first appropriated to payment of its creditors.

**2. Corporations ☞1, 189(½) — Corporation and its stockholders are separate and distinct persons, each of whom may sue and be sued by other.**

A corporation and its stockholders are separate and distinct persons, each of whom may sue and·be sued by the other.

**3. Bankruptcy ☞217(3) — Trustee in bankruptcy held not entitled to prevent sheriff's sale of corporate franchises and property of corporation, shares of stock in which constituted chief assets of bankrupt.**

In the absence of either fraud or collusion between a corporation and its execution creditors, or other invalidity of judgments, on which such executions issued, a trustee in bankruptcy *held* not entitled to prevent a sheriff's sale of the corporate franchises and property of such corporation, shares of stock in which constituted the chief assets of the bankrupt.

In Bankruptcy. Petition by Stephen A. Smith, as trustee of the estate of L. B. Howell, bankrupt, to restrain judgment executions of James R. Bailey and the First National Bank of Le Raysville against the Le Raysville Furniture & Toy Manufacturing Company. Petition, and rule granted thereon discharged.

Joseph W. Beaman, of Towanda, Pa., for trustee.

Lilley & Wilson, of Towanda, Pa., for First Nat. Bank of Le Raysville and Bailey.

JOHNSON, District Judge. This is a petition of Stephen A. Smith, trustee of the estate of L. B. Howell, bankrupt, to stay the executions of James R. Bailey and the First National Bank of Le Raysville against the Le Raysville Furniture & Toy·Manufacturing Company, a Pennsylvania corporation, whose plant is located in Le Raysville, Bradford county, Pa. The question here involved is whether the trustee of the bankrupt, L. B Howell, who owns 118 shares of the capital stock of the Le Raysville Furniture & Toy Manufacturing Company, can restrain judgment executions against the Le Raysville Furniture & Toy Manufacturing Company and sheriff's sales thereon.

The chief asset of the bankrupt consists of these 118 shares of stock. The executions in question were issued on judgments in the court of common pleas of Bradford county, Pa., confessed by the Le Raysville Furniture & Toy Manufacturing Company to James R. Bailey and the First National Bank of Le Raysville, to secure loans of money made to

6 F.(2d)—43

the company. The evidence fails ·to show any fraud or collusion between the company and these judgment creditors, or any act or transaction in the authorization of the loans which would render the loans and the judgments representing the loans void or voidable. The sole question, therefore, is the one stated above, whether the trustee can restrain the executions of these judgment creditors of the Le Raysville Furniture & Toy Manufacturing Company.

[1, 2] "It is a rule of general application that as between creditors and stockholders the property of an insolvent corporation is first appropriated to the payment of its creditors." 14A Corpus Juris, p. 1027, § 3293. "A corporation and its stockholders are separate and distinct persons in the eye of the law, and therefore each may sue and be sued by the other." Am. & Eng. Ency. of Law, vol. 7, p. 855. "As already seen, the corporation and its shareholders are distinct persons in law." 10 Cyc. 649. "A stockholder's petition to have a sheriff's sale of the corporate franchises and property set aside, failing to aver when the petitioner became a stockholder and the amount of his holding, and to charge collusion, misconduct or inability to act on the part of the directors, is defective. Moreover, a refusal to set aside such a sale is not reviewable by the Supreme Court." 1 Private Corporations in Pennsylvania (2d Ed.) by Eastman, p. 587, § 634, citing South West Nat. Gas Co. v. Fayette Fuel Gas Co., 145 Pa. 13, 23 A. 224; Creighton & Burch v Scranton Lace Curtain Mfg. Co., 191 Pa. 231, 43 A. 134.

[3] Since the facts in the case fail to establish either fraud or collusion between the corporation and these execution creditors, or other invalidity of the judgments on which these executions have issued, the court is of the opinion that the trustee cannot restrain or prevent the sale of the corporate franchises and property of the Le Raysville Furniture & Toy Manufacturing Company, and therefore that the petition and rule granted thereon to stay and set aside these executions must be discharged.

And now, July 16, A. D. 1925, the petition and rule granted thereon to restrain and enjoin the writs of execution and sale of the property of the Le Raysville Furniture & Toy Manufacturing Company are discharged.