In the Matter of the Application of BROOKS CLOTHING OF CALIFORNIA, LTD., Respondent, for an Order of Mandamus against EDWARD J. FLYNN, as Secretary of State of the State of New York, Appellant.

Third Department, May 13, 1931.

*John J. Bennett, Jr., Attorney-General* [*Amos D. Moscrip, Assistant Attorney-General*, of counsel], for the appellant.

*Baker & Obermeier* [*Leonard J. Obermeier* of counsel], for the respondent.

VAN KIRK, P. J. This matter was presented to the Special Term and decided solely on the ground of similitude of corporate names under the General Corporation Law. In such case a peremptory mandamus order was not the proper remedy. Section 9 provides: " No certificate of incorporation of a proposed domestic corporation, and no statement and designation of a foreign corporation, having the same name as a corporation authorized to do business under the laws of this State or a name so nearly resembling it as to be calculated to deceive, shall be filed or recorded in any office for the purpose of effecting its incorporation, or of authorizing it to do business in this State; * * *." The duty of the Secretary of State under this section is not a ministerial duty alone; it requires a determination of a question of fact and the exercise of judicial discretion.

The primary object of a mandamus order is to compel action, not the manner of acting. It is never granted to compel the discharge of a duty involving the exercise of judgment or discretion. A public officer may be compelled to determine the fact, but not to determine it in a particular way. (*People ex rel. Harris* v. *Commissioners*, 149 N. Y. 26.) In this view of the proceeding the order at Special Term should be reversed. But there was a fact stated in the petition, not denied, which presents a valid ground for the order. Brooks Clothes, Inc., was not an organized corporation for lawful business purposes at the time the petitioner applied to the Secretary of State to file its papers. The Stock Corporation Law, section 5, provides: " Three or more persons may become a stock corporation for any lawful business purpose or purposes * * * by making, subscribing, acknowledging and filing a certificate * * *." Section 8 of the General Corporation Law (former § 5, as renum. and amd. by Laws of 1929, chap. 650)* defines what is meant by " filing " as follows: Every certificate of incorporation " shall be filed in the Department of State, and shall be indexed and a copy of such certificate duly certified by the Secretary of State, or a duplicate original of such certificate, shall be filed in the office of the clerk of the county in which the office of the corporation is to be or is located, and shall be recorded and indexed by such clerk."

Before Brooks Clothes, Inc., could become a corporation and acquire the right to exercise corporate powers in the State it was necessary that it should comply with this provision; it must file its certificate, both in the Secretary of State's office and in the clerk's office of the county. (*New York Cable Co.* v. *Mayor, etc.*, 104 N. Y. 1, 23.) It had not filed its certificate in the latter office. It was not a corporation *de facto*. (*Von Lengerke* v. *City of New York*, 150 App. Div. 98, 102; affd., 211 N. Y. 558.) The Secretary of State should have filed petitioner's papers.

This court holds that Edward J. Flynn, the Secretary of State, upon payment of the proper fees, should file and record in his office the statement and designation of the petitioner, Brooks Clothing of California, Ltd., for authority to do business in this State and should issue to this petitioner the proper certificate.

The order should be affirmed, with fifty dollars costs and disbursements to the petitioner.

All concur.

Order affirmed, with fifty dollars costs and disbursements to the petitioner.

---

* Since amd. by Laws of 1931, chap. 655.— [REP.