## Horowitz v. Beamish, Secretary of the Commonwealth

*Metzger & Wickersham,* for petitioner.
*William A. Schnader* and *S. M. R. O'Hara,* for Commonwealth.
*Solomon Hurwitz,* for intervenor.

WICKERSHAM, J., March 4, 1935.—The petition of Benjamin Horowitz representing, inter alia, that he is treasurer of Keystone State Moving Picture Operators' Association, a corporation organized and existing under the laws of the State of Delaware, setting forth his cause of complaint, and alleging, inter alia, that he is without adequate and specific remedy at law, prayed the court for a writ of peremptory or alternative mandamus directed to Richard J. Beamish, Secretary of the Commonwealth, defendant, commanding him to accept the affidavit and application and filing fee of the aforesaid foreign corporation, and

to certify forthwith to the Auditor General of the Commonwealth of Pennsylvania the corporate name of the same and the location of its principal place of business in the Commonwealth of Pennsylvania and to grant a certificate of authority as provided by law.

A writ of alternative mandamus was awarded to which defendant filed a return, in which, inter alia, "It is denied that the Keystone State Moving Picture Operators' Association has complied with all the requirements of the law and particularly with the provisions of the Nonprofit Corporation Law relating to the procuring by a foreign corporation of a certificate of authority to do business in this Commonwealth".

The several respects in which the plaintiff failed to so comply are stated as follows:

"(a) By including as part of the corporate name in violation of section 202 of the act the word 'State'.

"(b) The corporate name, in violation of section 202(b)1, of the act, is deceptively similar to the name of 'The Keystone State Theatrical Stage Employes and Motion Picture Machine Operators Union, Inc.,' a corporation of the first class registered under the provisions of the Act of May 5, 1933, P. L. 289, on January 21, 1934.

"(c) The application for the certificate of authority contrary to the provisions of section 4 of the act sets forth a business for which a domestic nonprofit corporation cannot be formed under the laws of this Commonwealth, namely, a beneficial, benevolent or fraternal society and a business involving pecuniary profit to its members."

Furthermore paragraph 15 of the return avers that this court is without jurisdiction to grant a writ of peremptory mandamus to this plaintiff for the reason that he has not alleged and has not shown that he is beneficially interested in the act the performance of which he seeks to secure or in the result of its performance.

The plaintiff thereafter filed an amendment to his petition adding paragraphs 4(a), (b), and (c), stating more specifically that under date of September 22, 1933, Keystone State Moving Picture Operators' Association filed with the defendant a copy of its charter, a certified check, and proofs of publication; and that although the proofs of publication did mention that the application would be made in pursuance to the provisions of the Business Corporation Law of the Commonwealth of Pennsylvania, which was an error, the remainder of the advertisement shows that the petitioner was a corporation organized not for profit.

In the meantime the defendant, Richard J. Beamish, resigned as Secretary of the Commonwealth and John J. Owens, the then Secretary of the Commonwealth, was substituted as party defendant in the above stated proceeding, who filed an answer adopting the answer to plaintiff's petition for writ of mandamus made by the defendant, Richard J. Beamish. He denied that under date of September 22, 1933, Keystone State Moving Picture Operators' Association filed with defendant's predecessor in office a copy of its charter, a certified check, and proof of publication, in accordance with the provisions of the Act of May 5, 1933, P. L. 289, admitting, however, that he received these papers in due course of mail. At a still later date the name of David L. Lawrence, as Secretary of the Commonwealth, was substituted as party defendant.

This case came on to be heard and after the taking of some testimony it was agreed that a stipulation of facts should be prepared and filed, which is substantially as follows:

### Stipulation of facts

Benjamin Horowitz is the treasurer of Keystone State Moving Picture Operators' Association, a corporation organized and existing under and by virtue of the laws of the State of Delaware. On March 26, 1933, the said association was registered in the office of the Secretary of the Commonwealth to do business under the provisions of the Act of June 8, 1911, P. L. 710.

The purpose of said corporation was set forth in the power of attorney filed with the said secretary, as follows: "To foster, protect, promote and advance the welfare and interests of moving picture operators and projectionists by such means and in such manner as may from time to time be deemed advisable and advantageous." In pursuance of the said registration, it immediately engaged in promoting in this State the purpose for which it was created, with its principal place of business at 5712 North Seventh Street, Philadelphia, Pa.

On September 23, 1933, said corporation mailed to the Secretary of the Commonwealth an application for a certificate of authority to do business in this State under the provisions of the Act of May 5, 1933, P. L. 289.

Within the week immediately preceding October 1, 1933, upwards of 3,000 foreign corporations presented to the Secretary of the Commonwealth applications for certificates of authority to do business in this Commonwealth, all of which had to be examined by the employes of the Department of State.

Paragraph 3 of the charter provided the following additional purpose of the corporation: "This corporation is instituted for the purpose of mutual help in the accomplishment of the purposes hereinbefore set forth. It shall have no capital stock and shall not be conducted for profit."

Under date of October 10, 1933, said Keystone State Moving Picture Operators' Association mailed to the Secretary of the Commonwealth an application for certificate of authority to do business in this Commonwealth substantially similar to the one mailed September 23, 1933.

On January 17, 1934, the Secretary of the Commonwealth refused to register the Keystone State Moving Picture Operators' Association as a foreign corporation for the reasons that the title and name of the said corporation contains the word "State", and the name of the said corporation is "deceptively similar to a previously registered corporation", to wit: Keystone State Theatrical Stage Employes and Motion Picture Operators Union, Inc.

On October 4, 1934, the said Keystone State Theatrical Stage Employes Motion Picture Operators Union, Inc., was permitted by the court to intervene as a party in this case; and a certificate permitting it to do business was issued to it by the Secretary of the Commonwealth.

### Questions involved

1. May a peremptory writ of mandamus issue to the plaintiff in the absence of averment or proof that he is beneficially interested in the act, the performance of which he seeks to secure, or the result of its performance?

2. May the Secretary of the Commonwealth be compelled by mandamus to issue to a corporation, not a party to this proceeding, a certificate of authority to do business in this State as a foreign nonprofit corporation under the provisions of the Nonprofit Corporation Law of 1933?

3. May the Secretary of the Commonwealth be compelled by mandamus to issue to a corporation, not a party to this proceeding, a certificate of authority to do business in this Commonwealth as a foreign nonprofit corporation under

the provisions of the Nonprofit Corporation Law of 1933, in the absence of an allegation or proof of abuse of the discretion vested in him by the Nonprofit Corporation Law of 1933?

4. May the Secretary of the Commonwealth be compelled by mandamus to issue to a corporation a certificate of authority to do business in this Commonwealth as a foreign nonprofit corporation when a part of the name of that corporation, to wit: the word "State", is forbidden by section 202 of the Act of May 5, 1933, P. L. 289?

### Discussion

It is contended that the plaintiff has not averred or shown (*a*) his interest in the result, or (*b*) that he is beneficially interested in the act, the performance of which he seeks to secure or in the result of its performance.

It is quite true that in paragraph 14 of the petition the plaintiff asserts "that your petitioner as treasurer of the aforesaid corporation and directing officer thereof is vitally interested in the registration of the aforesaid corporation under the 'Nonprofit Corporation Law' aforesaid to do business within the Commonwealth of Pennsylvania." The question for consideration is therefore: Has he sufficiently alleged his interest?

The Act of June 8, 1893, P. L. 345, sec. 2, provides, inter alia:

"Any person desiring to obtain a writ of mandamus shall present his petition therefor . . . setting forth the facts upon which he relies for the relief sought, the act or duty whose performance he seeks, *his interest in the result*, the name of the person or body at whose hands performance is sought, demand or refusal to perform the act or duty, and that the petitioner is without other adequate and specific remedy at law." (Italics ours.)

Section 3 of the act provides:

"The writ of mandamus may issue upon the application of any person beneficially interested."

The plaintiff, Benjamin Horowitz, is not the Keystone State Moving Picture Operators' Association, the corporation which sought the certificate of authority to do business in this State. He avers in his petition that he is "vitally interested" but he does not aver and the evidence does not show the nature of his interest nor that he is "beneficially interested" in this proceeding within the terms of the Mandamus Act. The petition avers and the evidence discloses that he is the treasurer of the Keystone State Moving Picture Operators' Association. This fact is not evidence of a beneficial interest in a certificate of authority which, if issued, must be issued to a foreign nonprofit corporation.

In Heffner et al. v. Commonwealth, ex rel., 28 Pa. 108, it was held: "In order to obtain a writ of *mandamus*, the applicant must have a right to enforce, which is specific, complete, and legal, and for which there is no other specific legal remedy, and the right or privilege claimed must be independent of that which he holds in common with the public at large." See also Thomas et al. v. Duffy, 22 Dist. R. 960; Mattern v. Allegheny County Commrs., 12 Dist. R. 244; Kulp v. Board of Inspectors of Berks County Prison, 102 Pa. Superior Ct. 310.

The treasurer of a corporation is the custodian of its funds but he has no authority to represent and to bind the corporation in dealing with third persons: First National Bank of Bangor v. American Bangor Slate Co., 229 Pa. 27; Bangor & Portland Ry. Co. v. American Bangor Slate Co., 203 Pa. 6; in which latter case the president of the company undertook to contract for the company without authority. It follows, that if the treasurer may not bind

the corporation, surely he may not bring action in his own name to enforce a right, if the corporation has a right, to a certificate of authority to do business in this State.

It has been held that a stockholder in a business corporation does not have a right of action as a stockholder in regard to matters which affect him only as an individual: Boyd v. The American Carbon Black Co., 182 Pa. 206. In that case a stockholder and director of a corporation filed a bill in equity against the corporation to have certain agreements between himself and the corporation, and one between the corporation and another corporation declared void, and also for an accounting in certain partnership transactions between himself and the corporation. It was held (1) that while the fact that the plaintiff was a stockholder and director in the corporation conferred no authority on the corporation to defraud him in partnership transactions with itself, neither did that fact confer on him authority, in the issue raised by the bill, to assert his rights as a stockholder; (2) that on such a bill contracts between the corporation and other parties alleged to be injurious to the stockholders could not be considered.

In White v. First National Bank of Pittsburgh, 252 Pa. 205, an action was brought against a bank for destroying the value of plaintiff's stock in a corporation through breach of a contract to extend credit to the corporation. It appeared from the statement of claim that the bank had agreed that upon the organization of a corporation to take over plaintiff's business it would loan a certain sum to the corporation upon its promissory note; that the corporation was organized with plaintiff as principal stockholder, and the loan made to it as agreed; but that upon the maturity of the note further credit was refused in violation of an agreement between such corporation and defendant; that the corporation in consequence became bankrupt and the value of plaintiff's stock was destroyed. On demurrer to the statement, the court entered judgment for defendant. It was held that the right of action for whatever wrongs resulted from defendant's breach of contract was in the corporation, not in plaintiff, and the judgment was affirmed.

In South-W.-N. Gas Co. v. Fayette Fuel-Gas Co., 145 Pa. 13, 16, it was said by Mr. Justice McCollum:

"It was the duty of the appellant to set forth in his petition the necessary facts to give him standing in the court below to contest the sale. It was not enough for him to allege that he was a stockholder. The wrong done was against the corporation, and the redress for it should be sought and obtained through its duly appointed agents. Its directors were clothed with the power to control its action, and to decide whether it should engage in litigation. If the corporation was unable to act by reason of the misconduct or disability of its agents, and there was not sufficient time to remove them and appoint others in their stead, the stockholders might invoke the aid of a court of equity to protect the corporate property and their own equitable right in it."

We think, therefore, the plaintiff in this case has not shown an interest special to himself, independent of the corporation. In the absence of such showing the writ must be denied: Mattern v. Allegheny County Commrs., supra.

It is further contended by the Commonwealth that "the duties and powers of the Secretary of the Commonwealth in acting upon an application of a foreign nonprofit corporation for a certificate of authority to do business in this Commonwealth are deliberative and discretionary in character."

The Nonprofit Corporation Law of May 5, 1933, provides that a foreign nonprofit corporation before doing any business in this Commonwealth shall

procure a certificate of authority to do so from the Department of State in the manner provided in the act, with certain exceptions not material to this issue. The act further provides that the Department of State shall not issue a certificate of authority to such foreign nonprofit corporation: (1) if the application for certificate of authority sets forth any kind of business for which a domestic nonprofit corporation could not be formed under the laws of the Commonwealth; (2) if the name of the corporation is the same as or "deceptively similar" to the name of any domestic corporation or any other foreign corporation authorized to do business in this Commonwealth, or the name of any unincorporated body whatsoever voluntarily registered with the Department of State under any act of assembly; (3) if the name of the corporation contains words not permitted by the act to be part of the name of a domestic corporation. The act requires the corporation or its representative to deliver to the Department of State a copy of its articles and all amendments thereto, duly certified by the proper public officer of the State or country of its incorporation, together with proof of advertisement, and an application for the certificate of authority executed under seal of the corporation and signed and verified by at least two duly authorized officers of the corporation setting forth certain information prescribed by the act. Among the items of information which the act requires the application to disclose are, the character and nature of the business proposed to be done within this Commonwealth, and such further and additional information as the Department of State may from time to time require for the purpose of ascertaining whether or not the applicant corporation is entitled to a certificate of authority.

Section 905 of the Nonprofit Corporation Law of May 5, 1933, P. L. 389, provides:

"If the Department of State finds that the provisions of this article have been complied with and that the applicant corporation is entitled to a certificate of authority to do business in this Commonwealth, it shall forthwith, but not prior to the day specified in the advertisement heretofore required in this article, endorse its approval upon the application for a certificate of authority, and when all fees and charges have been paid, as required by law, shall file the application and the copy of the articles, and shall issue to the corporation a certificate of authority to do business in this Commonwealth. . . . Upon the issuance of the certificate of authority by the Department of State, the corporation may do, in this Commonwealth, any of the business referred to in the certificate of authority and no other, subject, however, to the right of the Commonwealth to cancel or revoke such right to transact business in this Commonwealth, as provided in this act."

The procedure thus outlined in the Nonprofit Corporation Law on applications by a foreign nonprofit corporation impose upon the Department of State duties not merely ministerial but deliberative and discretionary in character. The Department of State must determine (1) whether the business in which the applicant proposed to engage is a business for which a domestic nonprofit corporation may be created; (2) whether the name of the applicant is "deceptively similar" to a domestic or foreign corporation authorized to do business in this State, or an unincorporated body which has registered its name; (3) whether the name is prohibited in whole or in part by the act.

In the instant case the Department of State having requested further and additional information, determined not only that the business in which the applicant intended to engage was prohibited to a domestic nonprofit corporation, but also that its name is "deceptively similar" to that of a domestic non-

profit corporation. We think these duties require deliberation and exercise of administrative discretion: Brooks Clothing of California, Ltd., v. Flynn, etc., 232 App. Div. 346, 250 N. Y. Supp. 69.

The third contention of the Commonwealth is that mandamus will not lie to require the Secretary of the Commonwealth to issue a certificate of authority to a foreign nonprofit corporation under article IX of the Nonprofit Corporation Law of 1933 where neither fraud, failure to exercise administrative discretion, nor abuse of its exercise is alleged.

. Where the complaint is against a person or body that has a discretionary or deliberative function to exercise and that person or body has exercised that function, according to the best of his or its judgment, the writ of mandamus will not be granted to compel the undoing of that which has been done: Commonwealth, ex rel., v. Cochran, etc., 5 Binn. 87; Commonwealth, ex rel., v. Perkins et al., 7 Pa. 42; Commonwealth, ex rel., v. Mitchell et al., 82 Pa. 343.

It having been determined by the Secretary of the Commonwealth that the name of the plaintiff's corporation is deceptively similar to the name of Keystone State Theatrical Stage Employes and Motion Picture Operators' Union, Inc., a domestic corporation in this Commonwealth, and that the name of plaintiff's corporation contains the word "State" which is forbidden by section 202 of said Act of May 5, 1933, P. L. 289, we think a writ of mandamus will not lie: article IX of the Nonprofit Corporation Law, supra, sec. 902, par. 2. See also First Presbyterian Church of Harrisburg, 2 Grant 240; American Clay Mfg. Co. v. American Clay Mfg. Co., 198 Pa. 189.

The Nonprofit Corporation Law, supra, sec. 902, further provides that the Department of State shall not issue a certificate of authority to any foreign nonprofit corporation: "(1) If the application for the certificate of authority, hereinafter required by this article to be filed, sets forth any kind of business for which a domestic nonprofit corporation could not be formed under the laws of the Commonwealth."

The certificate of incorporation of the Keystone State Moving Picture Operators' Association confers upon the corporation very general powers, for example: "to improve, manage, develop, sell, assign, transfer, lease, mortgage, pledge, or otherwise dispose of or turn to account or deal with all or any part of the property of the corporation and from time to time to vary any investment or employment of capital of the corporation; to borrow money . . . ; to the same extent as natural persons might or could do, to . . . dispose of and deal in, lands and leaseholds, and any interest, estate and rights in real property . . .; to . . . dispose of any copyrights, trade-marks, trade names, brands, labels, patent rights, letters patent of the United States or of any other country or government, inventions, improvements and processes, whether used in connection with or secured under letters patent or otherwise . . ."; and many other powers not within the scope of the powers of domestic nonprofit corporations.

That the defendant, the Secretary of the Commonwealth, examined the certificate of incorporation appears by his letter of January 17, 1934, addressed to Gabriel D. Weiss, attorney for plaintiff's corporation, in which he states:

"I am returning all the papers filed in the corporation bureau in connection with the application of the Keystone State Motion Picture Operators' Association for the reason that section 4 of the act relating to nonprofit corporations specifies that the act does not relate to and does not apply to:

" '(3) Any corporation whatsoever organized for any purpose or purposes involving pecuniary profit to its members of shareholders.' "

As we have suggested, the certificate of incorporation of said Keystone State Moving Picture Operators' Association is very general and the conclusion of the Secretary of the Commonwealth, as above stated, is approved.

Counsel for plaintiff urges that by proceedings in mandamus in the Court of Common Pleas of Dauphin County filed to no. 42 Commonwealth docket, 1933, this corporation was registered under the Act of June 8, 1911, P. L. 710, on advice of the Attorney General, and that it has since been doing business under that registration. We think this is not important. The Act of June 8, 1911, P. L. 710, under which the corporation in the instant case claims to have been registered only required that before doing any business in this Commonwealth it should appoint in writing the Secretary of the Commonwealth and his successor in office, to be the true and lawful attorney and authorized agent upon whom lawful process in any action or proceedings against it may be served. The act then proceeds to fix the practice with regard to service of process upon the Secretary of the Commonwealth. This being the law, the Attorney General was entirely correct in directing the Secretary of the Commonwealth to permit the plaintiff's corporation in the instant case, to file its power of attorney as indicated in said act. However that is not the matter we have before us for consideration. The legislature by the Nonprofit Corporation Law of 1933, adopted regulations for the registration of nonprofit corporations with which act the Keystone State Moving Picture Operators' Association is bound to comply. We are of opinion that they have not been able to bring themselves within the provisions of said act.

Counsel for the petitioner relies upon F. E. Nugent Funeral Home, Inc., v. Beamish et al., 315 Pa. 345. In addition to the quotation from said case upon which counsel relies, it was also held that before a corporation of one State may do business in another, it must, if that State so demands, secure its permission to enter; that the State may impose any conditions it sees fit on the privilege of the foreign corporation to do business, provided the conditions do not invade rights created or guaranteed by the Federal Constitution; that the right granted by the parent State of the corporation to do business anywhere is not a "property right" which will be protected by the Federal Constitution; and that as to foreign corporations seeking admission to do business in this State, regulations may be imposed that do not appertain to domestic corporations. We do not understand how this decision aids the plaintiff; nor do we understand how plaintiff is aided by the ruling of this court in Shor v. Dickey et al., 21 D. & C. 695.

The fact that the applicant advertised for permission to do business under the wrong act is not important in view of the fact that it accomplished the effect desired, otherwise we would not have had the petition of the Keystone State Theatrical Stage Employes and Motion Picture Operators Union, Inc., for permission to intervene. It does not appear that any one was deceived by the application, but the body of the application clearly showed that the Keystone State Moving Picture Operators' Association desired to be registered under the Nonprofit Corporation Law. The object of the notice was to give those who may wish to protest against the granting of a charter an opportunity to present their objections: Penn Electric Light Co., 4 Dist. R. 438.

We cannot agree with the contention of counsel for the plaintiff that since one of the Commonwealth's objections to the registration is the use of the word "State", in plaintiff's name and another is its similarity to that of another corporation previously registered, the only remedy is to register the applicant and then have the use of the name enjoined. We think this method of procedure

suggested here is rather circuitous. Why register a corporation and then proceed by equity to enjoin it from using its name? We are of the opinion, as hereinbefore stated, that the use of the word "State" as part of the corporate name of this corporation is fatal.

Referring now to the allegation of the Commonwealth that the name of this corporation is "deceptively similar" to the name of a domestic corporation registered and authorized to do business in Pennsylvania, a comparison of the name of this corporation with the name of the Keystone State Theatrical Stage Employes and Motion Picture Operators Union, Inc., shows that both corporations used the words "Keystone State" as part of the corporate name; one corporate name contains the words "Moving Picture Operators", and the other corporate name contains the words "Motion Picture Operators". We think this similarity in names is deceptive, misleading and confusing to the general public and comes within the prohibition contained in section 902(2) of said Act of May 5, 1933, P. L. 289: First Presbyterian Church of Harrisburg, supra.

We find nothing in the brief of counsel for the plaintiff which moves us to alter the conclusion we have reached, as above stated. We think, therefore, that the petition for a writ of mandamus against the Secretary of the Commonwealth in this case should be and therefore is dismissed.

And now, March 4, 1935, it is ordered, adjudged and decreed that the petition for writ of mandamus, and the writ of mandamus granted in the alternative form are dismissed; the costs to be paid by the plaintiff.

From Homer L. Kreider, Harrisburg, Pa.