# Commonwealth ex rel. Frederick Potter *v.* A. M. Meanor, Appellant.

*School laws—Election of directors—Vacancy—Quo warranto.*

Relator and respondent had an equal number of votes at an election for school directors. They appeared at the next regular meeting of the board of directors, but the respondent refused to participate in the drawing, prescribed by the act of April 11, 1862, P. L. 471. The relator again appeared at the reorganized board at its next meeting for the purpose of having his right to a seat in it determined, but the board declined to act and declared a vacancy in the office, and elected respondent to fill it. *Held*, in quo warranto proceedings, that respondent had no title to the office.

It was the duty of the reorganized board to comply with the relator's request, and determine his rights to a seat therein, and neither its refusal, nor the neglect of the board before the change of membership in it, nor the act of May 8, 1854, P. L. 619, authorized the appointment of the respondent.

Submitted Oct. 24, 1894. Appeal, No. 249, Oct. T., 1894, by A. M. Meanor, from judgment of C. P. No. 2, Allegheny Co., July T., 1894, No. 736, for plaintiff in quo warranto proceedings. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Quo warranto to determine the title of A. M. Meanor to the office of school director in the school district of Turtle Creek borough.

The suggestion for the writ of quo warranto was as follows:

" First. That at a public election held in Turtle Creek borough, John T. C. Bowman and your relator each received seventy-nine votes for the same term of office of school director.

" That said Bowman and your relator appeared at the next regular meeting to have the board ' determine their rights to seats therein ' as provided by act of assembly, April 11, 1862.

" That John T. C. Bowman refused to participate in the drawing, whereupon the board adjourned without determining the rights of said opposing candidates, and have since neglected to determine their rights to said office.

" Second. That at the organization of said school district for the current year, on June——, 1894, your relator was present

and demanded that his rights to a seat in said board be determined.

"Whereupon T. C. Robinson, E. W. Boyd, P. W. Boli, J. E. Hunter and J. C. Mates, acting as the school board of said district contrary to and without warrant of law, proceeded to declare a vacancy in said board of directors and appointed the respondent, A. M. Meanor, to the office for the unexpired term.

"Third. That by reason of the premises, the said respondent, A. M. Meanor, is now exercising and pretending to exercise the office of school director in and for said school district contrary to and without warrant of law."

Respondent filed the following answer:

"First. A. M. Meanor admits the first paragraph, and for further answer says the school board referred to consisted of P. W. Boli, president, John T. C. Bowman, secretary, John Miller, Harry Church, James Mates and J. E. Hunter. Said board ceased to exist on June 1, 1894, by operation of law. That at the election referred to, there were seven candidates and three to be chosen. That T. C. Robinson and E. W. Boyd were chosen and next came the tie vote. That so far as the minutes of the school board are concerned, there is no record whatever of any demand for the privilege of drawing or any refusal or neglect of the school board to permit such drawings as is provided by law.

"Second. Respondent denies everything in second paragraph except that 'Said board of directors appointed A. M. Meanor respondent to the office of the unexpired term,' and for answer says: Pursuant to the law, the new board of directors, consisting of T. C. Robinson, E. W. Boyd, P. W. Boli, J. E. Hunter and J. E. Mates, met on the 8th day of June, 1894, for the purpose of organization, and then and there the said T. C. Robinson and E. W. Boyd produced their certificates, and the minutes showed that P. W. Boli, J. E. Hunter and J. C. Mates held over. They then proceeded to organize said board by electing T. C. Robinson, president, and E. W. Boyd, secretary.

"There appearing to be a vacancy, proclamation was made directing any one holding a certificate to produce it. None was produced. Neither Potter nor Bowman demanded a right to draw. An examination of the minutes showed no choice had been made on the tie vote, whereupon the board declared a

vacancy existed and proceeded according to law to fill the same by electing A. M. Meanor.

. "Third. Your respondent admits that he is exercising the rights and duties of school director, but denies that the same is contrary to law."

The court entered judgment of ouster against respondent.

*Error assigned* was entry of ouster as above.

. *H. L. Castle*, for appellant.

*Seward W. Haymaker*, for appellee.

OPINION BY MR. JUSTICE McCOLLUM, April 8, 1895 :

At the spring election in Turtle Creek borough in 1894, the relator and John T. C. Bowman were opposing candidates for the office of school director, and each received seventy-nine votes. As they had an equal number of votes for the same term of office, it became their duty, in compliance with section two of the act of April 11, 1862, P. L. 471, to appear at the next regular meeting of the board of school directors to have their rights to seats therein determined, and the duty of the board to proceed in conformity with the act to decide which of them should hold the office. The parties appeared as by the statute they were required to do, but Bowman refused to participate in the drawing prescribed by it and the board adjourned without taking any action in the premises. The relator again appeared before the board, at its reorganization in June, for the purpose of having his right to a seat in it determined, but the board declined to act, on the ground that the duty of deciding the issue raised by the tie vote rested exclusively upon the board as constituted at the next regular meeting of it after the election. The failure of the board as constituted at that time to determine the rights of the parties before the reorganization of it was regarded by the reorganized board as destructive of the relator's right under the statute, and as having created a vacancy in the office. It therefore declared that a vacancy existed and appointed the respondent to fill it. His title to the office thus acquired is attacked in this proceeding on the ground that the board had no legal warrant for appointing him

to it.   The learned court below sustained the relator's conten-
tion and entered a judgment of ouster against the respondent,
from which he appealed.

It is conceded by the learned counsel for the appellant that
the relator's right to have the case decided under the act of
1862 was absolute and could not be taken from him or in any-
wise impaired by any act of the opposing candidate, but he
insists that this right was lost by the inaction of the board
prior to its reorganization in June.   In other words it is claimed
in support of the appeal that the postponement by the board of
the performance of its duty under the act, deprived it of juris-
diction, extinguished the relator's statutory right and created
a vacancy in the office, to be filled by it under section seven of
the act of May 8, 1854.   The consequences of an allowance of
this claim are well calculated to raise a doubt respecting the
soundness of it.   In the first place the proposition that the
effect of the neglect or refusal of the board to discharge its
plain duty when the parties appeared before it, was to deprive
them of their statutory rights and it of the power to perform
that duty at a subsequent meeting, is not tenable.   There is
nothing in the statute which in terms or by necessary implica-
tion attaches such consequences to the non-performance of the
duty it imposes.   The provision in relation to the time of
appearance by the parties was complied with by them, and
while it may be inferred from this provision that it was the
duty of the board to determine their rights at that time, there
is no legislative mandate to this effect, nor penalty prescribed
for a failure to do so.   Having regard to the subject-matter,
object and language of the act of 1862 we are of the opinion
that the provision in regard to time is directory only and that
the board could have lawfully determined the rights of the
parties thereunder at any lawful meeting held at or before the
beginning of the school year when the term of office for which
they were candidates commenced.   The law puts the duty of
determining their rights under it upon the board of school
directors of the proper district.   The board is composed of six
persons, two of whom retire from it at the end of each school
year and their places are taken by persons chosen for them at
the preceding election.   The change thus effected in the mem-
bership of the board has no effect upon its powers and duties

under the act of 1862. It follows from these views that it was the duty of the reorganized board to comply with the relator's request and determine his rights to a seat therein, and that neither its refusal, the neglect of the board before the change of membership in it, nor the act of May 8, 1854 authorized the appointment to which this litigation relates. We conclude therefore that the learned court below did not err in entering the judgment complained of.

Judgment affirmed.