By the Act of March 5, 1906, P. L. 63, and its amendments, it is the duty of the county commissioners of the several counties to appoint, for terms of one year, two registrars for each election precinct or ward in cities of the third class. Such appointments are to be made so as to give representation to the two major political parties in the precinct, and for that purpose the act provides, in section two,* that the names of two *Page 431 
suitable persons "shall be suggested" to the commissioners by petitions filed by the party representatives of the two leading parties of the precinct, and signed by five electors of the district. On June 29, 1934, such a petition was presented to the respondents, the commissioners of Mercer County, for the appointment of the relator, Mary Hochadel, as registrar for the Republican party in the second precinct of the third ward of the city of Sharon, a city of the third class. On July 5, 1934, a similar petition was presented on behalf of one Angelina Lewis, but this petition was not signed or filed by the party representative of the district. Without giving notice of a hearing upon the qualifications of the nominees, the commissioners, on July 16, appointed Angelina Lewis as Republican registrar for this precinct. Averring the above facts, relator petitioned the court below for a writ of mandamus praying that the respondents be directed to revoke the appointment of Angelina Lewis and execute a proper order of appointment to the relator, and for such other relief as might be just and proper. An answer was filed, and after argument the court refused to issue the writ. Relator appealed.
The sole ground upon which the court below based its decision was that, under the statute, the petition filed with the commissioners by the party representative on plaintiff's behalf was a mere suggestion or recommendation, which the commissioners might, if they so chose, entirely disregard, the appointment of registrars being a matter wholly within their discretion. This position cannot be sustained. The act states that persons nominated for appointment must appear before the commissioners at a hearing, of which one week's notice shall have been given, and satisfy the commissioners of *Page 432 
their qualifications. If not so satisfied, the commissioners may decline to appoint them. In that event, however, the party authorities of the precinct may then suggest others for appointment to the position, and the only situation in which the commissioners may appoint persons not nominated by the party representatives is where no such nominations have been filed. The act does not allow the commissioners, if they find the nominees suggested to them unfit, to appoint others of their own choice without giving the party representatives an opportunity to make further nominations. In this respect the provisions of the Act of 1906, supra, with regard to the appointment of registrars in third-class cities, differ from those of the Personal Registration Act of July 24, 1913, P. L. 977, concerning such appointments in cities of the first and second classes; that act, which also prescribes nomination upon petitions filed by the party representatives, expressly provides that "If the persons suggested by petition are unfit, [the registration commissioners] shall have the power to appoint others of whom they shall have knowledge." In the Act of 1906, supra, it is evident that, while the power of appointment was vested in the county commissioners, the legislature intended the right of selection to be in the representatives of the two leading political parties in a precinct. Only if they fail to exercise this right is the power of selection as well as appointment vested in the commissioners. When the relevant section of the act is read as a whole, as it must be, it clearly appears that the words "shall be suggested," as used therein, do not mean that the powers of the party representatives are purely advisory, but that such representatives shall have the sole right of nomination. This does not mean that the power of appointment is vested in the party representative, or that the county commissioners are thus made the mere agents of the political party in making the appointment; they retain in full the discretionary power of rejecting any nominee suggested *Page 433 
to them. Thus, while the party representatives have the power to nominate, the power of appointment is vested solely in the commissioners, but in the exercise of that power they must first give consideration to the party nominees, and allow the party representative, if a nominee be found unfit, to make another nomination. This procedure, expressly specified in the Act of 1906, was entirely disregarded by the respondents in appointing Angelina Lewis as registrar in the precinct in question, and her appointment must, therefore, be regarded as invalid.
However, for a reason not alluded to by the court below, the relator cannot obtain in this proceeding the relief which she seeks. The principal object of her petition is to require the respondents to act upon her nomination to office. While this is a proper subject of mandamus, as the statute places a specific duty upon the commissioners to follow that procedure, this remedy is not available to petitioner under the present circumstances. Regardless of its validity, the appointment of Angelina Lewis was made by those who alone had the power to do so, and she is now the de facto incumbent of the office of registrar of the second precinct of the third ward of the city of Sharon. The relator cannot, therefore, by this action force respondents to appoint another to that office. It is well settled that mandamus will not lie to compel the installation of one person in an office of which there is already a de facto incumbent (Com. v. Perkins, 7 Pa. 42; Caffrey v. Caffrey,28 Pa. Super. 22; Daugherty v. Fippinger, 177 Ill. App. 522; French v. Cowan, 79 Me. 426; State v. Gasconade County Court,25 Mo. App. 446; see Com. v. Comrs., 5 Rawle 75; Com. v. James,214 Pa. 319; People v. Trustees of Saratoga Springs, 54 Hun (N.Y.) 16; High, Extraordinary Remedies (3d ed.), section 49), for to do so would be to try the latter's title to office in a proceeding to which he is not a party. A fortiori the other relief asked — that respondents be ordered to revoke *Page 434 
their appointment of Angelina Lewis and execute an order appointing the relator as registrar — cannot be granted.
Essentially the instant proceeding is a contest as to the possession of a public office which the de facto incumbent claims under color of right. Relator has mistaken her remedy; in such case mandamus does not lie. The exclusive remedy in this situation is by an action of quo warranto (Williams's App., 312 Pa. 477, and cases there cited; see Hutchinson v. Goshorn, 256 Pa. 69), which the relator, as one entitled to have her claim to office considered before another is appointed, would be a proper person to maintain: Com. v. Meanor, 167 Pa. 292; Com. v. County Comrs., 19 Pa. Dist. Rep. 553. And we unhesitatingly declare that the record before us presents a state of facts which, were this an action of quo warranto against Angelina Lewis, would fully warrant the entry of a judgment of ouster.
For the reasons given above, the order of the court below dismissing the petition for a writ of mandamus must be affirmed.
The order of the court below is affirmed at the cost of appellees.
* This section of the Act of 1906, as amended by the Act of May 25, 1907, P. L. 251, and the Act of May 14, 1925, P. L. 693, reads as follows:
"The names of two suitable persons to be registrars shall be suggested to the county commissioners, by petitions duly filed for each precinct or ward, by the party representatives of the two leading parties of the precinct or ward. The petitions shall be signed by five electors of the district, and shall set forth the names, addresses, occupations, and political affiliations of the persons suggested. The signers of the petitions shall swear to the truth of the facts set forth therein. The petition shall remain on file, open to the public inspection, at least ten days before the persons named therein shall be appointed, except in cases where a vacancy occurs in the office of registrar within ten days of a registration day, when the appointment can be made without such delay. If no petitions are filed, the county commissioners may appoint without regard to party. No appointment shall be made unless the person who desires to be appointed personally appears before the county commissioners and satisfies them of his qualifications. In case of reappointment, however, it shall not be necessary for him to appear before them.
"At least one week's notice of the time and place of the examination of the suggested registrars shall be given by the county commissioners in the daily press; and any elector may appear, either in person or by counsel, and object to the qualification of any applicant. If the persons nominated are found not to be properly qualified, the county commissioners may decline to appoint them; and the party authorities of the precinct or ward may then suggest another name, or other names, for the said place or places."