WILHELM v. TAYLOR, JUDGE.

5-2910                                    364 S. W. 2d 674

Opinion delivered February 11, 1963.

*George K. Cracraft, Jr.,* for petitioner.

*Howell, Price & Worsham, Gentry & Gentry, John Anderson, David Solomon* and *Charles Roscopf,* for respondent.

PAUL WARD, Associate Justice. This proceeding calls for an interpretation of Ark. Stats. § 27-340, which provides a method of obtaining service on a "non-resident" person, firm, partnership, etc. The decisive issue is whether the above section of the statutes applies to the petitioner, Mary Ruth Wilhelm, under the facts and circumstances of this case.

*Factual Background.* The uncontroverted material facts pertinent to a decision of the issue above mentioned are as presently set out. Prior to 1953 the petitioner was

a domiciliary of Kansas; about that time she moved to Helena, Arkansas where she began working, as an anesthesiologist, in a hospital; while so engaged she assisted Dr. Kirkman in operating on one Mose Tittle in June of 1959; on about the first of 1960 petitioner left Helena and went to Houston, Texas where she began work in a hospital and where she is still working. Petitioner remained in Helena continuously (or practically so) from the time she arrived in 1953 until she left in 1960.

On June 13, 1961 the said Tittle filed a suit in the Phillips County Circuit Court against the petitioner, Dr. Kirkman, the hospital (where the operation was performed) and the insurance carrier, seeking damages for (alleged) personal injuries caused by the (alleged) negligence of the petitioner and the doctor. No attempt was made to obtain service on petitioner until about the first of April 1962 when Tittle undertook (without success) to get personal service and to serve her as a domiciliary of Arkansas. Then, after the doctor and the insurance carrier had filed cross-complaints against petitioner, they attempted to get service on her as a "non-resident" of Arkansas under the statute first mentioned. It is conceded that the methods of service used conformed with the provisions of the statute.

In considering the issue presented it must be conceded that: (a) Petitioner was never at any time a domiciliary of this state; (b) petitioner lived constantly in this state about six years; (c) petitioner remained in Helena about six months after the operation on Tittle; (d) petitioner is now, and has been since January 1960, a resident of Texas.

Petitioner made a special appearance in the tort action and moved the trial court to quash the attempted service, and to dismiss the alleged cause of action against her on the ground the court had acquired no jurisdiction over her person. In denying the motion, the trial court, among other things said:

" . . . that the word 'resident' as used in Act No. 347 of the acts of 1947 (Section 27-340 Ark. Stats. Anno.) is

synonymous with domicile and means one having a permanent residence or domicile within the State of Arkansas and as the defendant, Mary Ruth Wilhelm, was and is a non-resident of this state within the meaning of said Act, service upon the Secretary of State as therein provided is sufficient service to give this court jurisdiction of her person and her motion to quash service under said statute ought to be overruled . . . "

After careful consideration we are led to the conclusion that the action of the trial court cannot be sustained. We have attempted below, for the sake of brevity, to copy only so much of § 27-340 as is applicable to the facts of this case.

"Any non-resident person . . . who shall do any . . . character of work or service in this State shall, by the doing of such . . . be deemed to have appointed the Secretary of State . . . to be the true and lawful attorney or agent of such non-resident, upon whom process may be served in any action accrued or accruing from . . . the performing of such work . . . by any such non-resident . . . "

(The statute further provides that such service will authorize a personal judgment.)

This Court has so many times, and so uniformly, recognized a distinct difference between "residence" and "domicile" that only a few typical decisions need be cited: See: *Krone* v. *Cooper,* 43 Ark. 547; *Norton* v. *Purkins, Judge,* 203 Ark. 586, 157 S. W. 2d 765; *Missouri Pacific Railroad Company, Thompson, Trustee* v. *Lawrence,* 215 Ark. 718, 223 S. W. 2d 823. In the *Cooper* case, *supra,* it was pointed out that the word "domicile" had a broader meaning than the word "residence", and that one could be a resident of a place without being domiciled there. In the *Norton* case, *supra,* it was held a person could "reside" in a place up to two years and not be domiciled there. The Court was there construing an Act of the Legislature, and said: "We do not think that 'resided', as used in this act, necessarily means one's permanent abode or legal residence or domicile." In the

*Lawrence* case, *supra,* this Court was called upon to distinguish between the meaning of residence and domicile as applied to Act 314 of 1939 where a question of venue was raised. The question was posed and answered by the Court in the following language:

''The answer to the question of venue posed depends upon the answer to these two questions. (1) Is residence synonymous with domicile? (2) If not, was appellee a resident of Pulaski County at the time of his injury? If the words 'Residence' and 'Domicile' are synonymous, then the Clark County circuit court had jurisdiction, as we think the testimony was sufficient to support a finding that appellee's domicile was in Clark County at the time of his injury.

''In our opinion the words are not synonymous and cannot properly be used interchangeably. Cases without number have pointed out the difference in meaning which the words import, and our own early case of *Krone* v. *Cooper,* 43 Ark. 547, is one of these.''

From the above and many other similar statements by this Court we are compelled to conclude the petitioner was, at the time the alleged tort action arose, a ''resident'' of Arkansas. That being true, it must follow that she was not a ''non-resident'', and therefore not subject to service under § 27-340 of the Ark. Stats. This case is easily distinguished from *Harrison* v. *Matthews* (decided December 17, 1962), 235 Ark. 915, 362 S. W. 2d 704, which deals with service on a non-resident who was also a domiciliary of this state.

*Remedy.* The respondent's contention that prohibition is not the proper remedy, because the trial court's order was based on a disputed question of fact, is without merit. We are unable to see where the court's ruling involved any factual dispute.

Writ granted.