Zalevsky *v.* Casillo (et al., Appellant).

Argued March 16, 1966. Before Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Joseph F. Weis, Jr.,* with him *Daniel J. Weis,* and *Weis & Weis,* for appellant.

*Wilbur McCoy Otto,* with him *Sanford M. Chilcote,* and *Dickie, McCamey & Chilcote,* for appellee.

OPINION BY MR. JUSTICE COHEN, April 19, 1966:

A trespass action was instituted by minor plaintiff and his parents against defendant physician, the present appellee, based on alleged negligence and malpractice. Thereafter appellee filed a complaint to join a second physician, appellant herein, as additional defendant. Appellant appeals from an order dismissing his preliminary objections to the service. Appellant had removed to Florida, and service was attempted pursuant to the Non-Resident Engaging in Business Law[1] and Pennsylvania Rules of Civil Procedure

---

[1] "Where any person or persons, not being residents of this commonwealth, shall engage in business in any county within this commonwealth, and not being in the county at the time of the issuing of any writ or process against such person or persons, it shall be lawful for the officer charged with the service thereof to serve any writ of summons or any other mesne process, in like manner as summons are served, upon the agent or clerk of such defendant or defendants at the usual place of business, or residence, of such agent or clerk, with the same effect as if served upon the principal or principals personally. . . ." Act of April 2, 1856, P. L. 219, §1, 12 P.S. §296.

"When any person or persons, not being residents of this commonwealth, shall engage in business in any county of this commonwealth, it shall and may be lawful for the officer charged with the execution of any writ or process issued out of any of the courts of this commonwealth to serve the same upon any clerk or agent of such person or persons, at the usual place of business or residence of such agent or clerk, with like effect as though such writ

$2077(a)(2)$[2] and $2079(b)$,[3] at appellant's alleged "place of business." At the time of the accrual of the cause of action, appellant was a resident of Pennsylvania, actively engaged in the practice of medicine in partnership with two other physicians, with offices in Pittsburgh. Before suit was started on December 29, 1961, appellant had entered into a formal dissolution of partnership agreement, whereby he was not to receive any income derived from the partnership business after July 31, 1961, except from accounts accruing prior to that date, nor was he to be chargeable with any partnership expense after July 31, 1961. Although the agreement was silent on these matters, appellant's name remained on the door of the old partnership offices and although appellant's home telephone listing was discontinued a listing was maintained showing his office number and address as those of the old partnership.

Appellant contends that he was not engaged in business in Pennsylvania at the time of the attempted service. He relies for his first argument upon the comments in Goodrich-Amram, §2077(a)-21 and Anderson, Pennsylvania Civil Practice, §2077.27. These authorities conclude that under the business defendant stat-

---

or process was served personally upon the principal." Act of April 21, 1858, P. L. 403, §1, 12 P.S. §297.

[2] "Rule 2077. Application of rules (a) The rules of this chapter apply to . . . (2) actions as to which the laws of this Commonwealth authorize service of process upon a non-resident individual engaged in business within the Commonwealth."

[3] "Rule 2079. Service of process . . . (b) If an action of the class specified in Rule 2077(a)(2) is commenced in the county in which the cause of action arose or in a county in which he is engaged in business, process may be served upon the defendant personally or by having the sheriff of the county in which the action is commenced, or by having a duly deputized sheriff, hand a true and attested copy of the process at any office or usual place of business of the defendant to the agent, clerk or person for the time being in charge thereof."

utes, service is proper only if defendant is a nonresident both when the cause of action arises and when service is made. Both authorities rely upon cases from jurisdictions other than Pennsylvania, construing various nonresident motorist statutes. The distinction is obvious. Nonresident motorist statutes necessarily require that the individual be a nonresident at the time he is operating his vehicle and is involved in an accident. In the instant matter, service on appellant rests upon the Act of 1856 and the Act of 1858, supra, n.1. While the earlier act provided that service might be made upon a nonresident businessman who was "not . . . in the county at the time of the issuing of the writ or process," the latter act imposes no such qualification upon the effectuation of service and, in effect, repeals that requirement of the earlier act. Goodrich-Amram, §2077(a)-21, n.4. The Act of 1858 requires only that at the time of service of the writ or process, the defendant must be a nonresident of Pennsylvania. There is not within the plain meaning of either statute a connection between the time of the accrual of the cause of action and the alleged tortfeasor's nonresidency. Unless both Goodrich-Amram and Anderson intended to state that service cannot be made upon an individual who after the commission of the tortious act, and before service of process, not only removes from the state but also discontinues his business in Pennsylvania, we must conclude that both authorities are mistaken. Indeed, our reading of the service statutes and procedural rules reveals that if a Pennsylvania resident engaged in business in this state commits a tort, and thereafter, but prior to being served with process establishes his residence in another jurisdiction and at the same time terminates his business in Pennsylvania, there is no way, aside from foreign attachment, that he may be served with process. And if the General Assembly or Procedural Rules Committee believes otherwise, then

either body may remedy the matter within its constitutional limits. At any rate, we conclude that under Rules 2077(a)(2) and 2079(b), a nonresident engaged in business in this Commonwealth may be duly served with process at his place of business, even though he was a resident of Pennsylvania when the cause of action arose. We believe that the critical time of nonresidency referred to in the acts is the date of service of process.

We do, however, believe that appellant cannot be served with process pursuant to Rules 2077(a)(2) and 2079(b), because he was not engaged in business in this Commonwealth at the time service was attempted. As of August 1, 1961, appellant retired from the practice of medicine in Pennsylvania. Thereafter, he retained no interest in the partnership other than to receive his share of fees earned prior to the date of the dissolution of partnership. It is true that appellant's name remained on the office door and that a telephone listing was maintained for him at the partnership number and address. The dissolution agreement made no reference to these matters, and appellant was charged after July 31, 1961 for neither the listing in the directory nor any other expenses of his former partnership. Further, it is a common professional and business practice for the name of a retired partner to remain for a reasonable length of time on the office door and firm letterhead either out of respect for the departed associate or to capitalize on the good will generated by his name. In the instant matter, appellant's relationship with his old partnership was no different from that of any retired doctor, lawyer, or businessman who is no longer engaged in his profession or business. Appellee relies upon *Stoner v. Higginson*, 316 Pa. 481, 175 Atl. 527 (1934), for his contention that appellant was engaged in business in this Commonwealth on the date service was attempted. In that case, this Court held

that service upon a nonresident partnership was effective when made on the manager of its Pittsburgh office at a time subsequent to announcement of the discontinuance of the partnership business in Pennsylvania, but prior to the actual closing of its local office. The office was kept open, the firm name remained on the door, telephone service was continued, and the office manager was actively engaged about winding up the business. We stated, "It is true that the firm was not engaged in exactly *the same sort* of business . . . as it had been theretofore, but the evidence amply sustained the finding that the firm was 'engaged in business' at the time service was made. . . ." (316 Pa. at 486, 175 Atl. 529). Here, appellant was engaged in neither the same business nor any other business on the date of attempted service.

Although the point was not raised by appellant and is not necessary to our decision the writer believes that there exists some question as to whether the Pennsylvania "long-arm statutes" and the procedural rules promulgated thereunder were intended to apply to appellant, since as a physician, he may never have been "engaged in business" within the meaning of our acts and rules. In *Wilhelm v. Taylor*, 364 S.W. 2d 674 (Ark. 1963), a writ of prohibition was sought by an anesthesiologist who had been named as a defendant in an action for personal injuries caused by petitioner's alleged negligence. She had removed from Arkansas to Texas prior to the time service was attempted pursuant to the Arkansas statute providing for service upon a nonresident. Although the Supreme Court of Arkansas granted the writ on other grounds, the decision treated the anesthesiologist as though she were clearly within the intendment of the legislature when it enacted the statute in question. That statute provides: "Any non-resident person . . . who shall do any . . . character of work or service in this State shall, by

the doing of such . . . be deemed to have appointed the Secretary of State . . . to be the true and lawful attorney or agent of such non-resident, upon whom process may be served in any action accrued or accruing from . . . the performing of such work . . . by any such nonresident. . . ." (Ark. Stat. §27-340).

By providing for service upon any nonresident who shall do any service in Arkansas, the legislature obviously intended to include a nonresident anesthesiologist, as well as a nonresident physician, lawyer, engineer, architect and other practitioner, within its service provisions. Our own statutes are not so clear, for they provide merely for service upon any nonresident who shall engage in business in this Commonwealth. It remains for some other decision to determine whether or not a nonresident "who shall engage in business" encompasses a nonresident practitioner in one of the professional fields of endeavor.

Order reversed.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

In my view, the term "doing business" is merely descriptive, and should be equated with such minimal contacts with this Commonwealth so that the maintenance of a suit in our courts would not offend "traditional notions of fair play and substantial justice." Cf. *Empire Steel Corp. v. Superior Court,* 56 Cal. 2d 823, 366 P. 2d 502 (1961); *Henry R. Jahn & Son v. Superior Court,* 49 Cal. 2d 855, 323 P. 2d 437 (1958) (both construing statutory provision); *W. H. Elliott & Sons Co. v. Nuodex Products Co.,* 243 F. 2d 116 (1st Cir. 1957) (discussion of New Hampshire statute); Notes, 10 Hastings L.J. 206 (1958).

Under the circumstances of this case, therefore, in which no one disputes that appellant was "doing business" within the Commonwealth at the time the alleged negligence upon which this action is predicated

occurred, I am unable to conclude that appellant *ceased* "doing business" within the meaning of Pa. R. C. P. 2077(a)(2) and 2079(b), so long as he has continued to utilize the partnership for the collection and remission of amounts due and owing him and has, thus, not fully terminated his relationship with the Commonwealth.