**Rosenbaum v. Kennedy House, Inc.**

*Thomas Rutter*, for plaintiff.

*Daniel McWilliams*, for defendants E. G. Frankel Enterprises, Inc. and Frankel Management, Inc.

*James D. Wilder*, for defendant H. Shore and Company, Inc.


WRIGHT, *J.*, May 12, 1977 — This action in trespass was instituted by plaintiff against Kennedy House, Inc., and E. J. Frankel Associates, Inc. Thereafter E. J. Frankel Enterprises, Inc., Frankel Management, Inc., and H. Shore and Company, Inc. were joined by plaintiff as additional defendants.

The case was tried before this court with a jury and a verdict was returned in favor of plaintiff in the amount of $250,000 against E. J. Frankel Enterprises, Inc. only. A voluntary nonsuit had been agreed to by plaintiff against all defendants other than H. Shore Co., Inc., and Frankel Enterprises.

The facts are relatively simple and unquestioned. E. J. Frankel Enterprises, Inc., a building contractor, had engaged a number of subcontractors to perform certain services relative to the construction of an apartment building styled as Kennedy House. H. Shore, Inc. was the electrical subcontractor. Plaintiff Aaron Rosenbaum was a carpenter in the employ of Altman Brothers, Inc., another subcontractor. It appears that on the first day plaintiff reported for work, he fell in a darkened

corridor while being escorted to his job site in the Kennedy House. At the time all the electrical work in the area had been completed, the general contractor had exclusive possession but the job superintendent, an agent of the general contractor (Frankel Enterprises, Inc.), had failed to have the lights on. The jury thus found that the accident was due to the negligence of the general contractor only, and returned a verdict for plaintiff against that defendant.

Plaintiff then moved the court to mold the verdict as Frankel Enterprises, Inc. was a statutory employer and covered by section 203 of The Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §52, and by an indemnity agreement with all the subcontractors. The court denied this motion and directed that judgment be entered on the verdict and the judgment marked satisfied.[1]

The indemnity agreement states in part: "The contractor shall indemnify the owner, the general contractor, its officers, agents and employees, and save them harmless from any and all liability, suits, accidents, demands 'just or unjust,' any and all damages, and any and all fees and costs on account of injury to persons or property, including accidental death and damage to adjoining structures and premises, occurring on the site of the work, or in connection with the work, or by reason of the operation under this contract, whether such liability be

---

1. We had considered entering judgment n.o.v. in favor of defendant Frankel Enterprises, Inc. Since we could not properly have given binding instructions we concluded that judgment n.o.v. should not be granted. However, neither party has raised a question as to the procedure followed. See Act of April 22, 1905, P.L. 286, sec. 1, as amended, 12 P.S. §681.

the result of the negligence, active, passive or statutory, of the contractor, his agents, his servants, employees or subcontractor, or the negligence, active, passive, or statutory of the owners, its officers, agents and employees and from all cost and expense incurred in litigation or in the handling, and consideration of claims for such damage."

Relying on the indemnity agreement, Frankel Enterprises, Inc., moved the court to enter judgment against H. Shore, Inc. for the amount of counsel fees and costs incurred by the general contractor in the defense of this action. We have denied this motion which was submitted to the court as purely a question of law, there being no issue as to the amount involved or the contents of the agreement.

This matter is now on appeal by Aaron Rosenbaum and Frankel Enterprises, Inc. limited to the denial of the above motions. No question is raised as to the court's rulings at the trial or its instructions to the jury.

It is without question that the present law of this Commonwealth precludes recovery in a common law action against a statutory employer. Our appellate courts have consistently held that "to enjoy immunity against a common law action a general contractor must meet a number of requirements so as to be within the act's definition of a 'Statutory Employer.'" Five elements have been enumerated by the Pennsylvania Supreme Court in McDonald v. Levinson Steel Co., 302 Pa. 287, 294-95, 153 Atl. 424 (1930), and each must be present to bring the general contractor within the provisions of the Workmen's Compensation Act: (1) An employer who is under contract with an owner or one in the position of an owner; (2) Premises occupied by or

under control of such employer; (3) A subcontract made by such employer; (4) Part of the employer's regular business entrusted to such subcontractor; (5) An employe of such subcontractor: Pape v. Smith, 227 Pa. Superior Ct. 80, 323 A. 2d 856 (1974).

It is not disputed by any of the parties herein that the above elements are present in the instant case. Here plaintiff is an employe of a subcontractor (Altman Brothers, Inc.) who was entrusted with part of the regular business of the general contractor (Frankel Enterprises, Inc.) who occupied and controlled the premises. Plaintiff, therefore, cannot recover against the negligent general contractor: Burke et ux. v. Duquesne Light Co., 231 Pa. Superior Ct. 412, 332 A. 2d 544 (1974).

What is disputed, however, is the legal effect of the indemnity agreement signed by all the subcontractors. Plaintiff contends that this agreement inures to his benefit in that he now stands in the shoes of the statutory employer Frankel Enterprises, Inc. and should now collect the amount of the judgment from the indemnitor H. Shore, Inc.[2] With this we cannot agree.

Our appellate decisions in Pennsylvania hold that the right of recovery on a contract by a third person depends on the intention of the parties to the contract. Both parties to the contract must so intend and must indicate that intention in the contract: Spires v. Hanover Fire Insurance Co., 364 Pa. 52, 70 A. 2d 828 (1950); Burke v. North Huntingdon Township, 390 Pa. 588, 136 A. 2d 310

---

2. This same argument could apply to any of the other subcontractors, carpenters, painters, plasterers, etc.

(1957). The intention of the parties in this respect is determined by the terms of the contract as a whole construed in the light of the circumstances under which it was made: Mowrer v. Poirier & McLane Corporation, 382 Pa. 2, 114 A. 2d 88 (1955). We find nothing in the terms of the indemnity agreement in the instant case to indicate an intention of the parties to benefit anyone other than the parties named herein, the owner, Kennedy House and the general contractor, Frankel Enterprises, Inc. This conclusion is reaffirmed by Steets v. Sovereign Construction Co.[3], 32 D. & C. 2d 690 (1963), affirmed per curiam 413 Pa. 458, 198 A. 2d 590 (1964). There the plaintiff, an employe of a subcontractor, fell and incurred certain injuries. He sued defendant Sovereign Construction Company. All parties agreed that defendant was a statutory employer. Plaintiff contended that he was a third party beneficiary under an indemnity agreement between defendant and the City of Philadelphia. The trial court entered judgment on the pleadings, holding that an employer's liability to his employe for compensation under the Workmen's Compensation Act is the sole liability under the parties' statutory agreement to be bound by the promises of the act and where such an agreement exists the injured employe has no other right of action. See also Roney v. Tishmain Co., 200 F. Supp. 75 (E.D. Pa. 1961), affirmed per curiam 303 F. 2d 777 (3d Cir. 1962).

A considerably more complex question is raised by defendant Frankel Enterprises, Inc.'s claim for

3. This case is distinguishable in that the general contractor (Sovereign) was the indemnitor and the City of Philadelphia the indemnitee. Here the general contractor is the indemnitee.

counsel fees and costs against H. Shore, Inc. The claim is also based on the agreement to indemnify. Again there is no dispute as to the amount and the only issue is legal: whether H. Shore, Inc. is responsible under the agreement to indemnify Frankel Enterprises, Inc. for the counsel fees and costs expended by it in the defense of this action.

It is now settled law in this Commonwealth that indemnity agreements will be enforced regardless of the negligence of the indemnitee if this provision is clearly and specifically set forth in the agreement. As stated by the court in Perry v. Payne, 217 Pa. 252, 262, 66 Atl. 553 (1907): "We think it clear, on reason and authority, that a contract of indemnity against personal injuries should not be construed to indemnify against the negligence of the indemnitee, unless it is so expressed in unequivocal terms."

Here the issue is counsel fees and costs. The indemnitee Frankel Enterprises, Inc. had numerous indemnitors. Identical indemnity agreements had been executed by over 25 subcontractors. This poses the question of what standard is to be used to determine which indemnitor should be assessed. Should Frankel Enterprises, Inc. be permitted to simply select at its pleasure any indemnitor? Should the agreement not set forth the basis for the selection or does the injured third party determine it by his choice of defendant? We find nothing in the agreement which creates any standard for such determination. Here plaintiff sued Kennedy House, Inc. and E. J. Frankel Associates. He later joined as additional defendants E. J. Frankel Enterprises, Inc. and H. Shore, Inc. Frankel Enterprises, Inc. then notified H. Shore, Inc. of the action against them and demanded that H. Shore, Inc. undertake

their defense. H. Shore, Inc. refused. Obviously, the positions of H. Shore, Inc., and Frankel Enterprises, Inc. were diametrically opposed as each sought to absolve itself of negligence. H. Shore, Inc. in its defense sought to show that if there was any negligence it was on the part of Frankel Enterprises, Inc. The indemnity agreement is silent as to what conduct on the part of any of the parties thereto would generate a duty of payment of counsel fees and costs by the indemnitor. And, unlike the cases cited by Frankel Enterprises, Inc. (where there was a single indemnitor), there are here numerous indemnitors. In Westinghouse Elec. Company v. Murphy, Inc., 425 Pa. 166, 228 A. 2d 656 (1967), the court enforced the agreement to indemnify Westinghouse for liability arising out of the job and caused by Westinghouse's negligence. The job was for Murphy to do certain paneling and glazing for Westinghouse.

In Pittsburgh Steel Co. v. Patterson-Emerson-Comstock, 404 Pa. 53, 171 A. 2d 185 (1961), the contract stated contractor (Patterson) would indemnify, save harmless and defend buyer (Pittsburgh Steel Co.) from all liability for loss, damages, or injury to persons or property in any manner arising out of or incident to the performance of this order.

In Husak v. Berkel, Inc., 234 Pa. Superior Ct. 452, 341 A. 2d 174 (1975), a successor corporation assumed liability for the conduct of its predecessor.

In Dilks v. Flohr Chevrolet, 411 Pa. 425, 435, 192 A. 2d 682 (1963), the agreement to hold harmless was applicable only to a single lessor and lessee. See also Galligan v. Arovitch, 421 Pa. 294, 218 A. 2d 771 (1966).

The cases reviewed by this court concern single or individual parties and do not as here have multiple indemnitors. Furthermore, the language in those agreements that involve contractors clearly relate liability to performance or job site. The indemnity agreement here, though spelling out unequivocally the negligence factor, is equivocal as to whether the indemnitor's responsibility arises out of the indemnitor's job performance or work done, merely stating "on the site of the work or in connection with the work." We conclude that the principle regarding negligence of the indemnitee must be applied in any situation where the agreement is "intended to diminish legal rights which normally accrue as a result of a given legal relationship or transaction. The agreement must spell out the intention of the parties with the greatest of particularity, since such contracts or instruments are construed strictly against the party seeking their protection." Dilks v. Flohr Chevrolet, Inc., supra.

We find (as the jury must have) that the accident did not happen in connection with the work done by H. Shore Co., Inc., nor did it happen on the site where H. Shore Co., Inc. was then working as required by the indemnity agreement. We further find that the indemnity agreement is not sufficiently specific as to what conduct on the part of the indemnitor would create liability on the agreement.

We have, therefore, entered orders denying the motions of Aaron Rosenbaum to mold the verdict and of Frankel Enterprises, Inc., for counsel fees and costs.