## Collins v. Lewis

*Louis Samuel Fine*, for plaintiff.
*Peter M. Clark*, for defendant.

KALISH, *J.*, November 22, 1977—

### HISTORY `

Plaintiff, Mary Collins, brought this present motion to dismiss defendant, Dr. Philip H. Lewis' pre-

liminary objections to plaintiff's complaint in trespass.

Defendant's preliminary objections were that service of process and venue were improper, and the doctrine of lis pendens was applicable, in that plaintiff initiated an identical action against Dr. Lewis in Bucks County, Pennsylvania.

This is a medical malpractice action against Dr. Lewis, who formerly practiced medicine in Pennsylvania and had offices in Bucks and Philadelphia Counties, for injuries and damages allegedly resulting from the treatment of plaintiff in Bucks County, Pennsylvania. Dr. Lewis ceased living and practicing medicine in Pennsylvania in June, 1976, and since that time has lived and practiced in Arizona. Defendant was served with a copy of the complaint by registered mail in Arizona in June of 1977.

## DISCUSSION

Plaintiff filed the instant complaint in trespass in Philadelphia County. Unable to obtain personal service on defendant, plaintiff invoked Pa.R.C.P. 2076-2082, which authorize the use of substitute service. Pa.R.C.P. 2077 sets forth the rule for the application of substitute service.[1]

---

1. "Rule 2077. Application of Rules.

"(a) The rules of this chapter apply to:

"(1) actions as to which the laws of this Commonwealth authorize service of process upon a non-resident, or a resident who becomes a non-resident or conceals his whereabouts; and

"(2) actions as to which the laws of this Commonwealth authorize service of process upon a non-resident individual engaged in business within the Commonwealth.

"(b) These rules do not apply to actions involving title to, or possession of, or charges or liens upon real or personal property."

Plaintiff, in her motion to dismiss defendant's preliminary objections, acknowledged that defendant ". . . had offices in Philadelphia, Pennsylvania . . . until June, 1976." Service of process in the present case was not made until June, 1977. Plaintiff in the commencement of the present suit relied upon Pa.R.C.P. 2078(b)(2)[2] and 2077(a)(2). A careful examination of the language of Rule 2078(b)(2) and 2077(a)(2) reveals the intent that the nonresident defendant be actively engaged in business in the county where the suit is commenced, at the time such suit is commenced.

In Zalevsky v. Casillo, 421 Pa. 294, 218 A. 2d 771 (1966), the court dealt only with what types of contacts within the Commonwealth were necessary to constitute "engaged in business" in terms of Rules 2077(a)(2) and 2079(b). The court in its opinion recognized the requirement that, at the very least, there be some minimal engagement in business within the county at the time of service. Although the Zalevsky opinion only dealt with the rule governing service of process, it would be unreasonable to deny its applicability to the rule governing venue

---

2. "Rule 2078. Venue.

"(a) An action of the class specified in Rule 2077(a)(1) shall be commenced in and only in:

"(1) a county in which the defendant may be personally served; or

"(2) the county in which the cause of action arose.

"(b) An action of the class specified in Rule 2077(a)(2) shall be commenced in and only in:

"(1) a county in which the defendant may be personally served; or

"(2) the county in which the cause of action arose, or if the cause of action arises out of business in which the defendant was engaged within the Commonwealth, any county in which the defendant is engaged in business."

as well, in that identical language ("is engaged in business") is used in both rules.[3]

In the present case, there is nothing on the record to rebut defendant's contention that he was not engaged in any form of business activity in Philadelphia County at the time the complaint was filed and service of process made. Since defendant was not engaged in business in Philadelphia at the time of service and filing of the complaint, venue is improper under Pa.R.C.P. 2078(b)(2). Venue is also improper under the alternative sections (a)(1) and (2) of Pa.R.C.P. 2078, because personal service in Philadelphia County was not possible, nor was Philadelphia the county in which the cause of action arose.

The substitute service of process was also defective in that plaintiff failed to meet the requirements of Pa.R.C.P. 2079(a) which allows such service upon the Secretary of the Commonwealth, and to defendant by registered mail, only where the action is instituted in the county in which the cause of action arose. By plaintiff's counsel's own admission, her treatment was in Bucks County, and not in Philadelphia County.

Under these circumstances, the court finds that it is without power to hear this action for lack of

---

3. "Rule 2079. Service of Process.

"(a) If an action of the class specified in Rule 2077(a)(1) is commenced in the county in which the cause of action arose, process may be served upon the defendant personally or by having the sheriff of said county send by registered mail, return receipt requested, a true and attested copy of the process:

"(1) to the Secretary of the Commonwealth, accompanied by the fee prescribed by law, and

"(2) to the defendant at his last known address with an endorsement thereon showing that service was made upon the Secretary of the Commonwealth."

jurisdiction due to improper venue and service of process and must therefore dismiss plaintiff's complaint in trespass.

## ORDER

And now, November 22, 1977, upon consideration of plaintiff's motion to dismiss defendant's preliminary objections and defendant's answer thereto, it is hereby ordered and decreed that plaintiff's motion is dismissed and defendant's preliminary objections are sustained, in that service of process on defendant is stricken and plaintiff's suit is dismissed without prejudice for lack of proper service and for improper venue.